EDWARD J. STAPPENBECK, AS ADMINISTRATOR AD
PROSEQUENDUM OF EDWARD J. STAPPENBECK, JR.,
DECEASED, PLAINTIFF-RESPONDENT, v. JAGELS FUEL
CORP., A CORPORATION OF THE STATE OF NEW JER-
SEY, AND WILLIAM HAUSOLD, DEFENDANTS-APPEL-
LANTS.

Submitted October 19, 1943—Decided January 27, 1944.

For the appellants, *Townsend & Doyle* (*Mark Townsend,*
of counsel).

For the respondent, *Stephen Mongiello.*

The opinion of the court was delivered by

COLIE, J. Appellants appeal from a judgment awarding
damages for the wrongful death of an infant four years of
age. They assert error in the trial court's overruling of a
question asked of the defendants' witness, Edward J. Ahearn,
and error, amounting to abuse of judicial discretion, in the
trial court's refusal to set aside the verdict. Our disposition
of the first question renders unnecessary a discussion of the
second.

The defendant Hausold, an employee of the co-defendant,
Jagels Fuel Corp., was driving a truck on his employer's
business in a southerly direction on Summit Avenue in Jer-
sey City. The plaintiff's decedent was crossing Summit
Avenue from east to west on the northerly crosswalk of
Charles Street which there forms a right-angle intersection
with Summit Avenue. An important fact question involved
was whether the plaintiff's decedent was walking or running
across Summit Avenue.

Toward the end of the first day of the trial, the plaintiff
called to the stand one Edward J. Ahearn who testified that

he was standing on the northeast corner of Bowers Street and Summit Avenue, looking toward Charles Street. Bowers Street is one block distant from Charles Street. At this point in Ahearn's examination, the court recessed until the following morning at which time plaintiff's attorney stated that he wished to withdraw the witness and rest his case. Defendants' attorney objected that he was being deprived of the right to cross-examine and the court then directed that the witness be produced. After some delay the witness was located and resumed the stand. Defendants' counsel then proceeded to cross-examine. The witness was asked whether he saw the boy and he said that he did. A belated objection to the question was made and sustained, followed by a motion to strike the answer from the record. From this point the record reads as follows:

"The court: It isn't within the direct examination. If you wish to make him your witness you have the right to do that.

Mr. Townsend: I will make him my witness, if the court please.

By Mr. Townsend: Q. You saw the boy run across the street, didn't you? A. He didn't run across; I saw him step off the curb.

Q. I say you saw him run across the street, didn't you? A. No, sir.

Q. You did not? A. No, sir.

Q. You read and write, don't you? A. Yes, sir.

Mr. Townsend: Mr. Murray, stand up, please.

(A person in the court room stands up.)

Q. Do you recognize that gentleman? A. Yes, sir.

Q. He interviewed you on July 15th, 1941, concerning what you knew about this accident, didn't he? A. Yes, sir.

Q. You told him, didn't you? A. Yes.

Q. Did you tell him the truth? A. Yes, sir.

Q. And after you told it, what you knew about the accident, he wrote it down, didn't he? A. Yes, sir.

Q. He gave it to you, you read it, and then signed your name to it? A. I signed my name to it.

The court: What are you supposed to do here?

Mr. Townsend: Neutralize his testimony.

The court: He hasn't shown hostility, yet.

By Mr. Townsend: Q. You read that statement, didn't you? A. Well, I glanced over it. I wouldn't say I read it.

Q. Is this your signature?

Mr. Mongiello: If your honor please, I wish to interpose an objection at this time because counsel is trying to impeach his own witness.

The court: The objection is sustained, but I shall let him identify the paper.

A. Yes, that's right.

Q. This is your signature on the second sheet? A. Yes, sir.

Q. Is this your signature on the third sheet? A. Yes, sir.

Q. Is this your signature on the fourth sheet? A. Yes, sir.

Q. Is this your writing? A. My writing? No, sir.

Q. Just a minute, sir—— A. (Interrupting.) Yes, that's mine.

Q. (Reading): 'I read these four pages'——

Mr. Mongiello: I object to that.

The court: Objection sustained.

Mr. Townsend: I ask it be marked for identification.

(The document referred to was marked Exhibit D-1 for identification.)

By Mr. Townsend: Q. Don't answer this until counsel has a chance to make an objection and the court rules. Did you not say at that time, and did you not say in this statement, 'I looked north on Summit Avenue. I saw,'——

The court: The objection is sustained, and the court admonishes you now that you haven't established the right to neutralize this man's testimony. He has not manifested any animosity or any partiality.

Mr. Townsend: If the court please, this falls within the case of the State v. Hall, in the Hall-Mills case.

The court (after argument): The court has ruled on it.

Mr. Townsend: I want an exception."

Exhibit D-1 for identification which the witness admitted signing contained, inter alia, statements that: "I saw a small boy run from the North East corner of Summit Ave. and Charles St. toward the center of Summit Ave. * * * At

. the moment the boy started from the sidewalk to run across Summit Ave. * * * The boy continued running across Summit Ave. * * *."

Defendants' counsel, having before him the prior statement which stated that the boy was running across the street was unquestionably surprised by the testimony of Ahearn to the contrary. In this situation, defendants' counsel was entitled to examine the witness and bring out a prior contradictory statement in order to neutralize the adverse effect of the witness' testimony that the boy was not running.

The basis for offering neutralizing testimony is not limited to cases where the witness has shown hostility, animosity or partiality. Compare *State* v. *D'Adame,* 84 *N. J. L.* 386, and the cases and authorities therein cited. The question was a proper one and the court erred in sustaining the objection thereto.

The judgment under appeal is reversed, to the end that a *venire de novo* may issue.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, DILL, JJ. 15.