18 N.J. Super. 549 (1952)
87 A.2d 727
THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOSEPH PERILLO, AND OTHERS, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued March 17, 1952.
Decided April 2, 1952.
*550 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Joseph A. Murphy, Assistant Deputy Attorney-General, argued the cause for the respondent (Mr. Theodore D. Parsons, Attorney-General, Attorney; Mr. Herman M. Bell, Deputy Attorney-General, on the brief).
Mr. Albert S. Gross argued the cause for the appellants. Joseph Perillo and Julia Perillo.
The opinion of the court was delivered by BIGELOW, J.A.D.
The conviction of the appellants, Joseph and Julia Perillo, was based in large part on hearsay evidence. They were tried on an indictment charging that they and one Salvado conspired to keep a bookmaking establishment at 7 Nicholson Street, Lodi. The State readily proved that bookmaking was carried on at the address mentioned but had difficulty in connecting the Perillos with the enterprise. To this end, the deputy attorney-general presented a witness, Brown, who testified that he had questioned a prisoner in the State Prison, named Bucaro. Over objection of the appellants, he was allowed to state that Bucaro had said that Joseph Perillo operated at 7 Nicholson Street "the biggest horse room in Lodi;" that it was open every night, and that about a hundred people would be there. Mr. Brown also testified that shortly after this interview, Bucaro sent him, through the mails, a list of alleged gambling resorts in Lodi. This list the court received in evidence.
The excuse given for offering and receiving the hearsay evidence was to neutralize parts of the testimony of Bucaro *551 who himself testified for the State. Bucaro testified that "the biggest horse room in Lodi" was "right next to Pudgy's Lunch at 11 Nicholson St." Asked if Perillo did not operate it, he replied, "I wouldn't know, sir." The deputy attorney-general claimed surprise and called Brown to the stand.
If a party is surprised by harmful, adverse testimony given by his own witness in conflict with a prior statement which the witness has made, he may attempt to neutralize such testimony by questioning the witness about such prior statement. State v. Bassone, 109 N.J.L. 176 (E. & A. 1932); Stappenbeck v. Jagels Fuel Corp., 131 N.J.L. 215 (E. & A. 1944). Or the contradictory statement may be proved by other witnesses. State v. D'Adame, 84 N.J.L. 386, 398 (E. & A. 1913). But the prior statement is admissible only to neutralize or blot out harmful testimony; it is not admissible to supplement the testimony. "Where the witness, as here, gives no testimony injurious to the party calling him but only fails to render the assistance which was expected, because of a failure of recollection, there is no basis for neutralizing under the rule. While a party should not be denied the right to defend his case by an unwilling or hostile witness, yet he should not be permitted to read before the jury an unsworn statement of such witness under the pretense of neutralizing his testimony. See cases in Note, 74 A.L.R. at 1064 et seq.; Note, 117 A.L.R. 326; Note, 42 L.R.A. (N.S.) 747; 58 Am. Jur. 445, § 800 et seq. See also Wigmore on Evidence 3rd ed., §§ 1018, 1043." Ciardella v. Parker, 10 N.J. Super. 537 (App. Div. 1950). In the appeal before us, Bucaro's testimony that he did not know whether Perillo operated the gambling house, did not tend to establish Perillo's innocence. Whether Bucaro's failure of memory was real or pretended, is of no consequence. Since his testimony was utterly harmless, there was no legitimate reason to prove the statement which Bucaro had made at the Prison. The State relies on cases that are readily distinguishable. In State v. D'Adame, supra, although the testimony which surprised the State was in negative form, it was *552 in practical effect the same as if the witness had said that the defendant was not the man involved in the crime. For this reason, evidence of the contradictory statement was admissible. The situation in State v. Kysilka, 85 N.J.L. 712 (E. & A. 1914), was substantially the same. In the latter case, the court emphasized that "Evidence of this character (the prior unsworn statement) is obviously extremely dangerous," and pointed out the possibility that it may do "a much greater wrong than the one it was intended to cure." And where it appears that "the real purpose of offering the evidence is to get the benefit of heresay testimony as having probative force, or that the injury resulting from the `surprise' is fanciful rather than real, he (the trial judge) should refuse to admit the evidence."
The admission of the evidence which we have been discussing was clearly erroneous and harmful to Joseph Perillo.
The verdict against Julia Perillo was contrary to the weight of the evidence.
We need not consider the other reasons presented for reversal. Judgment reversed and a new trial ordered.