**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0316-24

BEGGARS TOMB, LLC,

     Plaintiff-Respondent,

v.

BLOCK 333.02, LOT 1, 2, 3,
2458 RT 38, TOWNSHIP OF
CHERRY HILL, NEW JERSEY,

     Defendants,

and

ASSESSED TO: CHERRY HILL
ACQUISITIONS LLC,

     Defendant-Appellant.

_____

Submitted November 6, 2025 – Decided January 23, 2026

Before Judges Marczyk and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Chancery Division, Camden County, Docket No. F-002257-23.

Hegge & Confusione, LLC, attorneys for appellant (Michael Confusione, of counsel and on the briefs).

Gary C. Zeitz, LLC, attorneys for respondent (Robin I. London-Zeitz, on the brief).

PER CURIAM

In this tax sale certificate foreclosure case, defendant Cherry Hill Acquisitions, LLC (Cherry Hill) appeals from the August 21, 2024 order entering final judgment in favor of plaintiff Beggars Tomb, LLC (Beggars) and granting its motion for default. Cherry Hill also appeals from the May 24, 2024 order, which granted Beggar's motion for summary judgment, struck Cherry Hill's answer to the foreclosure complaint, directed the entry of default against Cherry Hill, and remanded the matter to the Foreclosure Unit to proceed as an uncontested matter. We affirm both orders.

I.

We presume the parties are familiar with the relevant facts and procedural history, which need only be briefly summarized in this opinion. In 2010, Cherry Hill purchased a "vacant and dilapidated" one-story building located at 2458 State Highway 38 in the Township of Cherry Hill (Township), which had not operated as a restaurant since 2007.

Over the course of the decade, the Township issued forty-nine property maintenance violations regarding the hazardous condition of the building. Cherry Hill failed to remediate the dangerous condition of the property and did not secure the building to prevent unauthorized entry by squatters.

The violations continued after Cherry Hill disconnected both the gas and electric service to the building in December 2021. During 2022 and 2023, a sewage leak originated from the private sewage pump located on Cherry Hill's property resulted in violation notices being issued for creating an "imminent hazard" due to the ongoing sewage overflow. Cherry Hill received invoices from the Township for multiple wastewater removals performed by its public works department. The costs associated with these services were charged against the property, pursuant to authorization from the Township Council.

After Cherry Hill failed to timely remediate the issue following notice, the Township installed a new sewage pump on the property. The Township notified Cherry Hill it would be responsible for the pump's rental fees and associated costs, to alleviate the need for ongoing monitoring and wastewater removal by the Township. Cherry Hill declined to accept responsibility for the sewage pump rental, and the Township subsequently issued invoices to Cherry Hill for the rent, fuel, and maintenance of the sewer pump from March 2022 through

3

August 2023, totaling $122,305.47.  The Township Council then authorized these costs to be assessed as a charge against the property.

Cherry Hill failed to pay the 2022 municipal taxes and the property maintenance charges assessed against the property.  As a result, in June 2022, the Township sold a tax sale certification to RTLS in the amount of $83,631.73. RTLS subsequently assigned its tax sale certificate to Beggars Tomb, LLC.

Beggar's request for entry of default was granted.  On January 13, 2023, Cherry Hill was served with a pre-foreclosure notice.  Thereafter, on February 24, 2023, Beggars filed a foreclosure complaint alleging that the property was abandoned in accordance with the Abandoned Properties Rehabilitation Act (APRA), N.J.S.A. 55:19-78 to -107.

Cherry Hill was served with the second pre-foreclosure notice, a notice of in rem foreclosure, and a motion for final judgment on August 15, 2023.  The motion for final judgment was supported by:  (1) a "Notice of Unsafe Structure" requiring Cherry Hill to demolish the building; (2) an engineering report obtained by Cherry Hill, which included photographs demonstrating the unsafe condition of the property; (3) the May 19, 2023 abandoned property certification executed by a Township construction official; and (4) an abandoned property report from a private inspector describing the property as "boarded, deplorable[,]

and vacant." On September 11, 2023, the court entered final judgment in the amount of $214,759.20 and vested title to the property in Beggars. Cherry Hill was served with the order.

On October 18, 2023, Cherry Hill moved to vacate the final judgment under Rule 4:50-1(a) and (f). Beggars opposed the motion and requested ownership costs of $22,289.44 to install electric, diagnose and repair the sewer pump, and make repairs to abate the hazardous conditions at the property since the entry of final judgment.

In light of New Jersey Supreme Court's Order issued on July 10, 2023, and Tyler v. Hennepin County, 598 U.S. 631 (2023), which required a plaintiff in a tax foreclosure proceeding to advise the property owner of their right to surplus equity, the court vacated the final judgment.[1] Pursuant to the December 1, 2023 order, the court conditioned vacatur of the final judgment on Cherry Hill reimbursing Beggars for ownership costs in the amount of $22,289.44 within twenty days of the order. Cherry Hill timely complied with the order.

---

[1] Effective July 10, 2024, N.J.S.A. 54:5-87(a) and N.J.S.A. 54:5-104.64(a) were amended to expressly authorize the court to enter a final judgment of tax foreclosure that not only forecloses the right of redemption, but also bars any claims to surplus equity.

A-0316-24

Thereafter, on December 21, 2023, Beggars filed an amended complaint to foreclose on the abandoned property, supported by the construction official's abandoned property certification. The complaint also notified Cherry Hill of its right to allege the existence of surplus equity in the property, pursuant to the temporary modification of Rule 4:64-1(c). Default was entered on January 12, 2024. Beggars also renewed its motion for final judgment.

Cherry Hill again moved to vacate default. On March 1, 2024, the court entered an order denying Beggar's motion for final judgment and vacated the default against Cherry Hill. An answer was subsequently filed by Cherry Hill.

The parties engaged in discovery. After discovery closed, Beggars moved for summary judgment, entry of default, and to strike Cherry Hill's answer. It also requested reimbursement of $260,302.85 for the tax lien. Cherry Hill opposed the motion and cross-moved for the return of the costs reimbursed to Beggars in accordance with the December 1, 2023 order and a declaration the property was not abandoned.

On May 25, 2024, the court rendered an oral opinion granting Beggar's motion. It rejected Cherry Hill's argument, characterizing it as expressing Cherry Hill's "discontent, grievances, and aggravation" toward the Township. The court concluded Beggars had fully complied with the statutory

6

requirements. It further found competent evidence in the record established the property was vacant and abandoned. The court denied Cherry Hill's cross-motion, finding it "to be without any basis or merit." Two memorializing orders were entered.

Following Beggar's motion for entry of final judgment, the court entered final judgment by order dated August 21, 2024. The order also directed the change in the caption and body of the complaint, as well as all subsequent pleadings, be corrected to Beggars as the plaintiff.

## II.

We review the trial court's grant of a motion for summary judgment de novo. Samolyk v. Berthe, 251 N.J. 73, 78 (2022). Under that standard, the court must "determine whether 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.'" Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021) (quoting R. 4:46-2(c)). Thus, "[s]ummary judgment should be granted . . . 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Friedman v.

A-0316-24

Martinez, 242 N.J. 449, 472 (2020) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).  We do not defer to the trial court's legal analysis or statutory interpretation.  RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018).

Cherry Hill argues the court erred in granting summary judgment and entering final judgment because (1) there is a material issue as to whether the property was abandoned; (2) "discovery had just begun," which focused on the issue of abandonment and the validity of the Tax Lien; and (3) other issues precluded summary judgment.

The record does not support Cherry Hill's contentions.  The APRA is intended to provide local governments with a tool to rehabilitate abandoned properties, thereby preventing blight and declining property values.  See N.J.S.A. 55:19-79.  N.J.S.A. 54:5-86(b) provides the mechanism through which property may be deemed abandoned and acquired through a tax sale foreclosure.  The statute provides the holder of a tax sale certificate may not institute foreclosure proceedings earlier than two years from the date of the certificate's acquisition, unless the property has been determined to be abandoned "either at the time of the tax sale or thereafter."  Id.  Specifically, the APRA allows "any municipality or abandoned property certificate holder" to bring an action in rem

A-0316-24

"to bar rights of redemption." N.J.S.A. 54:5-104.32. The filing must include a certification by the public officer or the tax collector that the property is abandoned. N.J.S.A. 54:5-86(b).

Here, the inquiry presented is whether the Cherry Hill property was properly deemed abandoned under the APRA. The record shows the property remained unoccupied since Cherry Hill acquired it in 2010. N.J.S.A. 54:5-86(b) permits Beggars, as the holder of a tax sale certificate, to establish the property is abandoned in two ways: (1) presenting a municipal determination of abandonment pursuant to the APRA, N.J.S.A. 55:19-78; or (2) demonstrating abandonment directly to the satisfaction of the court. Beggars relied on the abandoned property certification dated May 18, 2023, which was completed by the Township's construction official to demonstrate the property's abandonment. The construction official made findings pursuant to N.J.S.A. 55:19-81, specifically identifying the property as abandoned based on the criteria set forth in the statute. These findings stated the property was vacant for more than six months and the property: (1) "[wa]s in need of rehabilitation and no rehabilitation ha[d] taken place during the last six months"; (2) was "unfit for habitation, occupancy, or use"; (3) was subject to unauthorized entry that could "lead[] to potential health and safety hazards . . . [and] failed to take reasonable

9

and necessary measures to secure the property"; (4) created a "potential health and safety hazards" because of the presence of "vermin or the accumulation of debris, uncut vegetation[,] or physical deterioration"; and (5) "materially affect[ed] the welfare" of the residents in close proximity because of the "dilapidated appearance."

Cherry Hill argues the tax lien was invalid and the property was not abandoned. It relies on the certification of its registered agent, who makes the unsupported assertion the property was not abandoned. Cherry Hill references numerous emails and other correspondences sent to it between 2020 and April 2024 concerning the notices of violations, communication between the parties' attorneys regarding the property's structural issues and the sewage pump, multiple inspections, and the Township's designation of the property as an "unsafe structure."

Having reviewed the record, we are convinced Cherry Hill has not established a genuine issue of material fact regarding whether the property was abandoned. Cherry Hill's registered agent's certification is belied by the competent evidence in the record demonstrating abandonment. Self-serving assertions that are unsupported by evidence are insufficient to create a genuine issue of material fact. Miller v. Bank of Am. Home Loan Servicing, L.P., 439

10

N.J. Super. 540, 551 (App. Div. 2015). "Competent opposition requires 'competent evidential material' beyond mere 'speculation' and 'fanciful arguments.'" Hoffman v. Asseenontv.Com, Inc., 404 N.J. Super. 415, 426 (App. Div. 2009) (citation omitted).

In sum, there is unrebutted evidence in the record the property was abandoned. It is equally unrebutted Cherry Hill made no attempt to remedy issues at the property so it no longer fit the definition of an abandoned property. See N.J.S.A. 55:19-81. Even giving Cherry Hill "the benefit of the most favorable evidence and most favorable inferences drawn from that evidence," the record demonstrates the property was "not just an eyesore" but a "hazard to the community because it [would] only [be] in further disrepair." Est. of Narleski v. Gomes, 244 N.J. 199, 205 (2020) (quoting Gormley v. Wood-El, 218 N.J. 72, 86 (2014)). Thus, we are satisfied the property meets the definition of "abandoned property" under N.J.S.A. 55:19-81 and summary judgment was properly granted.

We note Cherry Hill's merits brief does not address the May 24, 2024 order denying its cross-motion. Thus, we deem the issue waived and abandoned on appeal. See Gormley, 218 N.J. at 95 n.8; Drinker Biddle & Reath, LLP v.

N.J. Dep't of Law & Pub. Safety, 421 N.J. Super. 489, 496 n.5 (App. Div. 2011) (holding that claims not addressed in merits brief deemed abandoned).

### III.

Cherry Hill argues the court erred in entering final judgment in favor of Beggars and in entering default. Cherry Hill had "the right to redeem the tax sale certificate at anytime before the final date for redemption set by the court and 'until barred by the judgment of the Superior Court.'" Simon v. Cronecker, 189 N.J. 304, 319 (2007) (internal citation omitted) (quoting N.J.S.A. 54:5-86); see also R. 4:64-6(b) ("Redemption may be made at any time until the entry of final judgment . . . ."). The Township tax collector certified the taxes were paid through the tax foreclosure sale. Cherry Hill, however, did not file an answer and redeem the tax sale certificate. Therefore, we discern no abuse of discretion in the granting of the motion for entry of final judgment. Customers Bank v. Reitnour Inv. Props., LP, 453 N.J. Super. 338, 348 (App. Div. 2018).

To the extent not addressed, Cherry Hill's remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-0316-24