STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. CHARLES FRANK KNIGHT, DEFENDANT-RESPONDENT.

Argued April 24, 1973—Decided June 5, 1973.

*Mr. Francis J. Badach,* Assistant Prosecutor, argued the cause for the plaintiff-appellant (*Mr. Joseph P. Lordi,* Essex County Prosecutor, attorney; *Mr. Francis J. Badach* on the brief).

*Mr. Michael N. Boardman,* Designated Counsel, argued the cause for the defendant-respondent (*Mr. Stanley C. Van Ness,* Public Defender, attorney; *Mr. Michael N. Boardman* on the brief).

PER CURIAM. Defendant was found guilty by a jury of unlawful possession of 236 decks of heroin in violation of *N. J. S. A.* 24:18–4. On appeal to the Appellate Division, he alleged that several factors had deprived him of his right to a fair trial, including the ineffective assistance of counsel, improper comments of the prosecutor during summation, and errors of the trial court in its comments during trial and in its charge to the jury. In an unreported opinion the Appellate Division rejected defendant's claim that he had not received effective assistance of counsel. However, the court concluded that its "over-all impression" after reviewing the record of the proceedings was that defendant had not received a fair trial. The court accordingly reversed the conviction and remanded for a new trial. We granted the State's petition for certification. 62 *N. J.* 201 (1973).

On July 30, 1970, two detectives of the Newark Police narcotics squad were parked in a car in front of a three-story apartment house in that city. According to the testimony of the police, they saw defendant come out the front door of the building. When defendant saw the police he ran back into the building, slamming the front door behind him. One of the detectives then ran to the back of the building and up a flight of stairs to a second-floor porch. As the detective arrived defendant was coming out the back door, but when he saw the officer he ran back into an apartment on the second floor. The detective said he pursued the defendant through the kitchen and into the bedroom. At that point

the detective noticed that defendant was carrying a gray box in his hand. The detective saw defendant lean out an open window, and when he stepped back from the window he was empty-handed. The detective looked out the window and saw what appeared to be the same gray box on the ground nearby the building. After the other detective arrived, the first officer left the defendant with him and went downstairs. The officer picked up the box and found inside what was later determined to be 236 decks of heroin.

Defendant testified that he did not live in the building, but on the day in question he was visiting a friend, Leslie Harris, who lived in the second-floor apartment. As defendant started to leave from the front door, he saw the detectives and went back into the building and up to Harris' apartment. He said that he had been previously convicted of unlawful use of narcotics, and he feared arrest by the police because he was not carrying his narcotics law violator's card. See *N. J. S. A.* 2A:169A–4. Defendant denied that he attempted to run out the back door of the building. He said that when the police entered they asked Harris if there were narcotics in the building. Harris answered in the negative. According to the defendant, Harris then accompanied one of the detectives downstairs while the other officer remained with the defendant; when Harris and the detective returned the detective had a box in his hand. The defendant denied knowing anything about the box or its contents.

The Appellate Division found that defendant was not deprived of his right to effective assistance of counsel. We are satisfied that this determination was correct. Defendant's complaints in this regard are directed merely to matters of trial strategy. Our review of the record convinces us that these matters are clearly insufficient to support defendant's contention. See *State v. Dennis,* 43 *N. J.* 418, 427–428 (1964) ; *State v. Williams,* 39 *N. J.* 471, 489, *cert.* denied 374 *U. S.* 855, 83 *S. Ct.* 1924, 10 *L. Ed.* 2d 1075 (1963).

Although the Appellate Division rejected defendant's claim that he was not adequately represented, the court

stated that various errors at the trial, while independently not requiring reversal, cumulatively denied defendant a fair trial and compelled the vacation of his conviction. We cannot agree.

■ We deal first with the Appellate Division's reference to the manner in which the trial judge overruled objections made by defense counsel. On one occasion in response to defense counsel's statement that he objected to a question, the judge replied: "I don't. I will permit it." At another point the court responded to counsel's objection: "Well, you can object. Your objection is noted but the jury is entitled to know." We find nothing improper in these remarks. The comments in no way constituted unfair criticism or an attempt to humiliate counsel. Several of counsel's other objections were sustained by the court, and our reading of the record as a whole convinces us that the court's treatment of counsel was courteous. *Cf. State v. Zwillman,* 112 *N. J. Super.* 6, 20–23 (App. Div. 1970), certif. den. 57 *N. J.* 603 (1971). At other points in the trial, we think the court properly, and in a civil manner, admonished counsel for arguing with the court after an objection had been overruled and for directing comments to the prosecutor rather than to the court.

■ ■ The Appellate Division also suggested that the trial court should have intervened to instruct the jury to disregard testimony concerning the information supplied to the police that defendant would be leaving the building with narcotics. On cross-examination, defense counsel elicited testimony from one of the police officers that the police had been informed that narcotics were being sold in the second floor apartment of the building. Counsel also brought out that defendant did not live there. On re-direct, the officer testified in response to the prosecutor's questions that the complete information given the police included a tip that the defendant would be leaving the apartment with heroin. This line of questioning concerning the information supplied the police was initiated by the defense, and reflected

its decision that such information could cast suspicion on Harris or other residents in the building. Unless the State could bring before the jury the complete information which the police had received, the jury would have had before it only the partial and possibly misleading account of the police informant's story brought out by defense counsel. In these circumstances it was not improper for the State to elicit the complete information given to the police. See 1 *Wigmore, Evidence* § 15, p. 304 (3d ed. 1940); *cf. State v. Engsberg,* 94 *N. J. L.* 464, 466 (E. & A. 1920); *State v. Caccavale,* 58 *N. J. Super.* 560, 566 (App. Div. 1959). In any event, we do not think the trial judge had a duty to intervene in the absence of a request to do so.

The next point argued by the defense and noted by the Appellate Division as contributing to its decision to reverse defendant's conviction was that the prosecutor made inflammatory remarks during summation. In that summation the prosecutor stated that if the jurors had not been convinced of the defendant's guilt, they would not have "met the responsibility" thrust upon them. We do not approve of such comments. *Cf. State v. Johnson,* 31 *N. J.* 489, 512–513 (1960), appeal dismissed 368 *U. S.* 145, 82 S. Ct. 247, 7 *L. Ed. 2d* 188 (1961). However, on several other occasions in the summation the prosecutor reminded the jury that the crux of the case was the credibility of the witnesses. More importantly, the trial court fully and accurately instructed the jury as to its role in reaching a verdict solely on the basis of the evidence, and we are confident that the prosecutor's remark did no harm.

At another point in the prosecutor's summation reference was made to the "curse" of heroin and the "serious threat" which it presented to society. In the context of the summation as a whole, we cannot say that the prosecutor's comments were so inflammatory as to deny defendant a fair trial. These comments were only a small portion of a summation which was largely devoted to a fair review of the evidence. Within reasonable limitations, we think

that the prosecution should be permitted to emphasize the serious social consequences of narcotics as long as the jury is instructed by the trial court that its verdict must be based on the evidence. See *United States v. Ramos,* 268 *F.* 2d 878, 880 (2d Cir. 1959). As we have noted above, such an instruction was given by the court below, and we are convinced that the prosecutor's comments in this situation did not go beyond the limits of proper argument.

■ We think the trial court's instruction to the jury was also free of error. In the trial court's summary of the testimony during its charge to the jury, it stated that the detective ". . . saw the gray box in the defendant's hand just before he reached the bedroom." The Appellate Division asserted that the trial court thereby expressed belief in the police story by not qualifying the statement by a remark to the effect that the detective *"said* that he saw" the box in defendant's hand. However, the trial court's statement was prefaced by its reference to "the testimony of the detectives concerning their observations of the Defendant and his conduct . . . ." Clearly the court was not expressing its belief in the detective's testimony, but was merely providing an objective summary of the evidence. Any assumption that the jurors could have been misled by this statement is completely unfounded.

■■ Defendant also contends that the instruction concerning the effect to be given defendant's admission of prior convictions of crimes was inadequate, principally because it failed to inform the jury that the defendant's credibility was not necessarily affected by the previous convictions. The point is raised as plain error, no objection having been made at the trial. The trial court stated that the previous convictions were to be considered for ". . . the sole purpose of determining the credibility of a witness at this trial, and for no other purpose whatsoever". Correct practice calls for the trial court to advise the jury that in considering the prior convictions they may or may not conclude that the credibility of the witness is affected thereby and to what ex-

tent. See *State v. Kintner,* 105 *N. J. Super.* 463, 466–467 (App. Div. 1969), certif. den. 54 *N. J.* 247 (1969). However, the court in no way indicated that the jury was bound to give some effect to the prior convictions. In view of the court's charge on this subject as a whole, the jury was sufficiently informed of the limited purpose of such evidence, and we find no plain error. *Id.*

Finally, the Appellate Division indicated that the trial court should have informed the jury of the nature and date of the criminal offenses of which the defendant had been convicted. Defendant testified on direct examination that he had been convicted of "crimes," but did not reveal the nature of the crimes or when they occurred. The prosecutor did not allude to these convictions on cross-examination of the defendant or in summation. Under these circumstances certainly the court was under no duty to provide information to the jury which was not in evidence and which the defendant himself apparently did not wish the jury to hear.

Our consideration of all the points advanced, both in their independent and cumulative effect, leaves us convinced that defendant received a fair trial. There is no reason to disturb the jury's verdict, and accordingly the judgment of the Appellate Division is reversed and the judgment of conviction is reinstated.

*For reversal and reinstatement*—Chief Justice WEINTRAUB, Justices JACOBS, PROCTOR and MOUNTAIN, and Judges SULLIVAN, LEWIS and COLLESTER—7.

*For affirmance*—None.