128 N.J. Super. 188 (1973)
319 A.2d 505
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ANDREW PERRY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued August 20, 1973.
Decided August 30, 1973.
*189 Before Judges COLLESTER, KOLOVSKY and CARTON.
Mr. Anthony M. Mahoney, Designated Counsel, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. Kenneth Ply, Assistant Prosecutor, argued the cause for respondent (Mr. Joseph P. Lordi, Essex County Prosecutor, attorney).
*190 PER CURIAM.
Defendant appeals from the judgment of conviction entered upon a jury verdict finding him guilty of attempted extortion in violation of N.J.S.A. 2A:105-1 and N.J.S.A. 2A:85-5.
We find no basis for reversal in any of the three points argued by defendant.
Defendant's contention that the verdict was against the weight of the evidence is not cognizable on appeal since no motion for a new trial on that ground was made in the trial court. R. 2:10-1. Moreover, the contention lacks merit. The evidence was more than sufficient to authorize a jury to find that the State's charge had been established beyond a reasonable doubt.
There is no substance to defendant's criticism of the comments on the evidence made by the trial court in the course of its charge to the jury.
Defendant's remaining contention is that "comments and argument of [the] prosecutor during summation were unduly prejudicial and constituted reversible error." He claims that in four instances  only two of which were objected to in the trial court  the prosecutor's remarks were improper.
As to the two remarks to which no objection was interposed in the trial court: (1) The characterization of defendant's testimony at a prior trial of the victim was a permissible comment on the inferences which the State sought to have the jury draw from the evidence offered by it. (2) Although there may be some question as to whether the second of those unobjected to remarks overstepped the bounds of propriety, we are satisfied that the prejudice therefrom, if there was any, was not sufficient to warrant invocation of the plain error rule. The situation here is one for application of the rule that "ordinarily a defendant will not be heard to claim prejudice if defense counsel does not make a timely objection to improper remarks." State v. Farrell, 61 N.J. 99, 106 (1972); see also State v. Knight, 63 N.J. 187 (1973).
*191 The third remark of which defendant complains referred to the playing of a juke box in a tavern where conversations were allegedly overheard. The comments do not appear to have been an improper departure from the evidence and the inferences reasonably to be drawn therefrom. In any event, they were not of a character to call for a reversal. State v. Johnson, 31 N.J. 489, 511 (1960).
Defendant's strongest criticism is directed to the following statement made by the prosecutor:
The defendant sits right there at the counsel table as does his lawyer and make no mistake about it, I have no objection to Mr. Maurer counselling his witness, his defendant. That's his obligation to do so and he is a good lawyer and he has been around a long time. Make no mistake about it, he tells his man what to say and how to say it and in a certain context * * *.
Defense counsel immediately objected to this remark and the trial court promptly ordered that it be stricken. Moreover, the prosecutor himself withdrew the remark and stated, "I didn't mean to imply that Mr. Maurer puts words in his client's mouth or tells him to lie."
The prosecutor's remarks were clearly improper. But we are satisfied that any prejudice resulting therefrom was eliminated by the court's action in promptly striking them and by the prosecutor's apology.
The judgment of conviction is affirmed.