619 A.2d 1013

STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v. NYDIA BURGOS, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted October 27, 1992—Decided December 28, 1992.

Before Judges MICHELS, BAIME and WALLACE.

*Zulima V. Farber,* Public Defender, attorney for appellant (*Arnold I. Budin,* designated Counsel).

*James F. Mulvihill,* Acting Essex County Prosecutor, attorney for respondent (*Debra G. Lynch,* Assistant Prosecutor, of counsel).

The opinion of the court was delivered by

WALLACE, J.S.C. (temporarily assigned).

Following a jury trial defendant, Nydia Burgos, was found guilty of third-degree conspiracy to distribute a controlled dangerous substance, cocaine, contrary to *N.J.S.A.* 2C:35–5 and 2C:5–2, (Count One); third-degree distribution of cocaine, contrary to *N.J.S.A.* 2C:35–5b, (Count Two); and third-degree distribution of cocaine within 1,000 feet of school property, contrary to *N.J.S.A.* 2C:35–7, (Count Three). After merging Count One into Count Two, the trial judge sentenced defendant to a five-year prison term on Count Two and imposed a consecutive five-year prison term with a three-year period of parole ineligibility on Count Three. Appropriate penalties and license suspension were imposed. Defendant seeks a reversal of her conviction and sentence imposed on the following grounds set forth in her brief.

POINT I:
THE COURT IMPROPERLY ALLOWED THE JURY TO HEAR THAT DEFENDANT HAD CHARGES DROPPED PURSUANT TO PLEA BARGAIN.

POINT II:
THE "WITHIN 1,000 FEET OF ANY SCHOOL PROPERTY" PROVISION OF *N.J.S.A.* 2C:35–7 VIOLATES BOTH THE STATE AND FEDERAL CONSTITUTIONS FACIALLY AND AS APPLIED (*U.S. CONST.* AMEND. V., XIV; *N.J. CONST.* (1947) ART. I, PAR. 1 (NOT RAISED BELOW).

POINT III:
THE TRIAL COURT SHOULD HAVE MERGED THE FIRST TWO COUNTS INTO THE THIRD, DISTRIBUTION OF C.D.S. WITHIN 1,000 FEET OF SCHOOL PROPERTY.

We have carefully considered each of these contentions and all of the arguments advanced by defendant in support of them and find the trial judge erred in allowing the jury to hear that defendant had other charges against her dismissed as part of a plea agreement. We make brief comment with respect to some of defendant's contentions.

The State presented evidence to show that on June 9, 1988, Detective Mendez and Detective Riveria were working undercover in the area of 57 Pennsylvania Avenue, Newark. While sitting in their car, they were approached by defendant who asked Mendez what he was looking for. Mendez replied "a

bolt", slang for $20 worth of cocaine. Defendant turned and motioned to a friend, subsequently identified as codefendant, Luis Enchandy. Enchandy came over, spoke briefly to defendant, handed Mendez a vial and asked for $20. Mendez gave him a marked $20 bill. Defendant and Enchandy walked away together. This transaction occurred within 1,000 feet of St. Columbia School.

Acting as backup, Detective Thomas observed the transaction from about sixty yards away with high-powered binoculars. After the transaction, Mendez went to the police station and field tested the substance. The substance was determined to be cocaine. About ten minutes later, Thomas and Lieutenant Tamburro returned to the area and arrested defendant and Enchandy who were standing together. Defendant and Enchandy were searched but neither drugs nor money was found on them.

At trial Mendez and Thomas described and identified defendant as the woman involved in the drug transaction. Both Mendez and Thomas described defendant as about five-feet four-inches tall wearing blue jeans and a gray jacket.

Defendant testified that on June 9, 1988 she went to court for sentencing on a drug charge for which she received probation. After leaving court, she went to a store at 57 Pennsylvania Avenue to get change for a dollar. While at the store she was arrested, searched and nothing was found. She said she was wearing black pants, white shirt, white shoes and no jacket. She denied knowing Enchandy and denied involvement in the drug transaction.

## I

Defendant contends that the trial judge improperly allowed the jury to hear that defendant had other charges against her dismissed pursuant to a plea agreement. Defendant testified on her own behalf. On direct examination, defendant admitted she had two prior convictions for possession with intent to

distribute marijuana and one prior conviction for distribution of marijuana. On cross-examination, the assistant prosecutor asked defendant if certain charges against her had been dismissed as part of a plea agreement. Defense counsel objected to the question and the trial judge excused the jury to hear oral argument. The trial judge concluded because the dismissed charges were noted on the judgment of conviction, he would allow examination of the witness concerning the dismissed charges. We find the trial judge erred in this conclusion.

Evidence of prior convictions is generally admissible once the defendant elects to testify. *See State v. Sands*, 76 *N.J.* 127, 144, 386 *A.2d* 378 (1978); *N.J.S.A.* 2A:81–12. However, such evidence may be introduced solely on the issue of defendant's credibility, *State v. Sinclair*, 57 *N.J.* 56, 63, 269 *A.2d* 161 (1970) (citation omitted), and the jury should be instructed that "they may or may not conclude that the credibility of the witness is affected thereby and to what extent." *State v. Knight*, 63 *N.J.* 187, 194–95, 305 *A.2d* 793 (1973) (citation omitted). Further, although the factual components of the prior conviction may be inquired into, the underlying facts of the crime itself may not. *State v. Thomas*, 76 *N.J.* 344, 361–62, 387 *A.2d* 1187 (1978). However, the law is clear that unlike prior convictions evidence of arrest is not admissible. *State v. Cooper*, 10 *N.J.* 532, 555–56, 92 *A.2d* 786 (1952); *State v. Hutchins*, 241 *N.J.Super.* 353, 360, 575 *A.2d* 35 (App.Div.1990). We think it equally clear that evidence concerning criminal charges that were dismissed as part of a plea agreement are also not admissible. A criminal charge is more akin to an arrest since the defendant was never convicted of a crime. The mere fact the dismissed criminal charges may appear on the judgment of conviction is irrelevant. Only convictions of crimes may be used to affect credibility. If other crimes charged, but dismissed, are included on a judgment of conviction, those other crimes charged may not be inquired into for purposes of affecting credibility.

■ Here, the trial judge permitted the prosecutor to ask defendant if other criminal charges were dismissed against her as part of a plea agreement. Defendant responded in the affirmative. We hold it was error for the trial judge to permit such inquiry concerning a dismissed criminal charge.

We must now consider whether the error was capable of producing an unjust result. If not, the error should be disregarded as harmless. *R.* 2:10–2. The State contends that any error was harmless because there was overwhelming evidence of defendant's guilt. However, we are not convinced that the error was harmless.

The arrest of defendant did not take place contemporaneously with the undercover drug buy but, a short time later. Defendant claimed she had just returned from court and had stopped in the store to get change for a dollar when she was arrested. No money or drugs were found on defendant. The credibility of defendant was a crucial factor in the trial. Further, although the trial judge instructed the jury that evidence of prior convictions may only be used to affect defendant's credibility, he failed to include in his instructions that the jury "may or may not conclude that defendant's credibility is affected" by the other crimes evidence. *See State v. Knight,* 63 *N.J.* 187, 195, 305 *A.*2d 793 (1973).

■ The test to determine harmless error is "whether in all the circumstances there was a reasonable doubt as to whether the error denied a fair trial and a fair decision on the merits." *State v. Macon,* 57 *N.J.* 325, 338, 273 *A.*2d 1 (1971). Measuring the admission of the "other charges evidence" and the incomplete jury charge regarding the use of other crimes evidence against this standard, we are left with reasonable doubt as to whether the error denied defendant a fair trial. Accordingly, we are constrained to reverse.

## II

Although not raised below, defendant contends for the first time on appeal that *N.J.S.A.* 2C:35–7 violates both the State and

Federal Constitutions facially and as applied. We have previously rejected this contention and find no need to revisit it again. *See, e.g., State v. Todd,* 238 *N.J.Super.* 445, 449, 570 *A.*2d 20 (App.Div.1990).

### III

Because we reverse defendant's drug convictions, we need not address the merger and sentencing issues. We add, however, the State concedes the merger issue based on *State v. Gonzalez,* 123 *N.J.* 462, 588 *A.*2d 816 (1991).

The judgment of conviction is reversed and the matter is remanded for a new trial. We do not retain jurisdiction.