**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4403-15T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

WALTER A. RODRIGUEZ,

     Defendant-Appellant.

_____

Submitted October 3, 2018 - Decided October 17, 2018

Before Judges Koblitz and Mayer.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Indictment No. 15-08-1746.

Joseph E. Krakora, Public Defender, attorney for appellant (Alison Perrone, Designated Counsel, on the brief).

Theodore Stephens II, Acting Essex County Prosecutor, attorney for respondent (Tiffany M. Russo, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from his conviction for third-degree endangering an injured victim. Defendant claims the State failed to prove its case beyond a reasonable doubt. We affirm.

Defendant was charged with one count of first-degree attempted murder, N.J.S.A. 2C:5-1; one count of second-degree conspiracy to commit attempted murder, N.J.S.A. 2C:5-2; one count of second-degree conspiracy to commit aggravated assault, N.J.S.A. 2C:5-2, 2C:12-1(b); one count of second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1); one count of third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(2); and one count of third-degree endangering an injured victim, N.J.S.A. 2C:12-1.2.

The matter was tried before a jury. After the State presented its case, defendant's counsel moved for acquittal on all counts, asserting the State failed to meet its burden of proof. The judge denied defendant's motion at the close of the State's case.

After hearing the testimony and reviewing the evidence presented, the jury returned a verdict, finding defendant guilty of third-degree endangering an injured victim, and acquitting defendant of all other charges. Defendant was sentenced to three years' probation.

The relevant facts are undisputed. On January 20, 2014, defendant and three other men were walking down a street around midnight. Two of the men used their hands and feet to strike cars stopped at a red light. One driver, the victim, pulled into a parking lot, grabbed a baseball bat from inside his car, and approached the men. The men, including defendant, disarmed the victim, tackled him in the parking lot, and one of the men hit the victim in the head with a brick multiple times. During the altercation, defendant held the victim and felt the victim go limp after being struck with the brick. After the victim went limp, defendant left the victim in the parking lot. Defendant was subsequently arrested and charged as set forth previously.

On appeal, defendant argues:

> DEFENDANT'S CONVICTION FOR THIRD-DEGREE ENDANGERING AN INJURED VICTIM MUST BE VACATED BECAUSE THE STATE FAILED TO PROVE THIS CHARGE BEYOND A REASONABLE DOUBT.

Defendant contends the State failed to present sufficient evidence to find him guilty of third-degree endangering an injured victim. Defendant also argues

the trial judge should have granted his motion for acquittal at the close of the State's case.[1]

On appeal from a trial court's denial of a motion to acquit, we must determine if "the evidence is insufficient to warrant a conviction," using the same standard as the trial court. R. 3:18-1; State v. Quezada, 402 N.J. Super. 277, 285 (App. Div. 2008). We examine the record de novo when "assessing whether the State presented sufficient evidence to defeat an acquittal motion." State v. Dekowski, 218 N.J. 596, 608 (2014); State v. Williams, 218 N.J. 576, 594-95 (2014). The trial judge is required to give "the benefit of all its favorable testimony" and "all of the favorable inferences" in favor of the State when determining whether a jury could find guilt beyond a reasonable doubt. State v. Wilder, 193 N.J. 398, 406 (2008) (quoting State v. Reyes, 50 N.J. 454, 458-59 (1967)).

---

[1] As part of defendant's argument that the State failed to prove the endangering charge beyond a reasonable doubt, defendant contends the verdict was against the weight of the evidence. See R. 3:20-1. We generally will not examine a weight of the evidence argument unless the appellant moved for a new trial on that ground in the trial court. State v. Fierro, 438 N.J. Super. 517, 530 (App. Div. 2015) (citing State v. Perry, 128 N.J. Super. 188, 190 (App. Div. 1973)); R. 2:10-1. In this case, defendant failed to move for a new trial on the basis that the jury verdict was against the weight of the evidence. Thus, the issue is not cognizable on appeal. See R. 2:10-1.

Here, the State presented sufficient evidence for a reasonable jury to find beyond a reasonable doubt that defendant was guilty of endangering an injured victim. See State v. Medina, 147 N.J. 43, 61 (1996) (defining a reasonable doubt).

> [c]auses bodily injury to any person or solicits, aids, encourages, or attempts or agrees to aid another, who causes bodily injury to any person, and leaves the scene of the injury knowing or reasonably believing that the injured person is physically helpless, mentally incapacitated or otherwise unable to care for himself.
>
> [N.J.S.A. 2C:12-1.2(a).]

The State presented several videos memorializing the altercation, including a video of defendant tackling the victim, and holding him while the victim was struck in the head with a brick. The jury viewed the videos at least four times before reaching a verdict. In addition, the State presented the testimony of one of the men involved in the incident, who testified defendant was holding the victim at the time of the incident. Further, in his grand jury testimony, defendant admitted to holding the victim while the victim was struck with a brick multiple times. Defendant told the grand jury he felt the victim go "limp" before leaving him in a parking lot.

In reviewing the record, we are satisfied the State presented sufficient evidence to the jury that defendant endangered an injured victim for a reasonable jury to find guilt beyond a reasonable doubt.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4403-15T2