**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2430-16T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

RALPH J. ROSS,

     Defendant-Appellant.

_____

Submitted December 12, 2018 – Decided March 6, 2019

Before Judges Alvarez and Mawla.

On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 15-02-0194.

Joseph E. Krakora, Public Defender, attorney for appellant (Molly O'Donnell Meng, Assistant Deputy Public Defender, of counsel and on the brief).

Andrew C. Carey, Middlesex County Prosecutor, attorney for respondent (Nancy A. Hulett, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Tried to a jury, defendant Ralph J. Ross was convicted of second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1); third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(2); third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d); and fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d).[1]  After appropriate merger, the Law Division judge sentenced defendant to an aggregate five years subject to the No Early Release Act's eighty-five percent parole ineligibility.  N.J.S.A. 2C:43-7.2.  We now reverse because defendant's statement, suppressed at a pretrial Miranda[2] hearing, was used for impeachment without the benefit of a preliminary finding as to trustworthiness.  Additionally, the jury was not instructed as to the evidence's permissible uses.

The victim of defendant's assault was Bryan Quiroz, the father of defendant's grandson.  He and defendant had an acrimonious relationship, including two incidents that defendant alleged made him fearful of Quiroz.  The first incident took place in Quiroz's mother's apartment in Old Bridge (the Old

---

[1]   The remaining counts of the indictment were dismissed: third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(7); fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b)(3); third-degree hindering, N.J.S.A. 2C:29-3(b)(4); and fourth-degree obstruction, N.J.S.A. 2C:29-1(b).

[2]  Miranda v. Arizona, 384 U.S. 436 (1966).

Bridge incident). On that occasion, Quiroz is alleged to have assaulted defendant's daughter, who told defendant about it afterwards. The second occurred in November 2008, in defendant's home, when his daughter and Quiroz were arguing over the ownership of a PlayStation. As the argument escalated, defendant jumped between the couple and told Quiroz to leave. According to defendant's daughter, he and Quiroz began to push and shove each other until Quiroz punched defendant in the face, knocking him to the floor. At a pretrial hearing, the judge ruled defendant, whose sole defense was self-defense, could proffer testimony regarding the second incident, but not the first.

The State conceded during the course of the pretrial motions that the <u>Miranda</u> warnings given defendant three days after the assault were inadequate. The reason the State made the concession is unclear from the record, although it is clear that police interviewed defendant while he was a patient at a neurology intensive care unit because of injuries he suffered during the confrontation with Quiroz. The prosecutor, defense counsel, and the judge agreed in abbreviated fashion that defendant's statement could be used for impeachment, however, no further proceedings were conducted on that subject. <u>See</u> <u>State v. Burris</u>, 145 N.J. 509, 529 (1996). During the trial, presided by a second judge, no <u>Burris</u>

hearing took place. Nor were instructions given to the jury limiting their use of the statement as relevant to credibility only.

On appeal, defendant raises the following points:

POINT I
THE JUDGE DEPRIVED DEFENDANT OF HIS RIGHTS TO PRESENT A DEFENSE, TO DUE PROCESS, AND TO A FAIR TRIAL BY IMPROPERLY PRECLUDING DEFENSE COUNSEL FROM INTRODUCING EVIDENCE THAT THE VICTIM HAD PREVIOUSLY BEEN PHYSICALLY ABUSIVE TOWARD DEFENDANT'S DAUGHTER, AND THAT DEFENDANT WAS AWARE OF THAT ABUSE.

POINT II
THE TRIAL COURT FURTHER ERRED BY ADMITTING, WITHOUT A LIMITING INSTRUCTION, BAD-CHARACTER EVIDENCE THAT DEFENDANT WAS AN ANGRY, EMOTIONALLY UNSTABLE PERSON WHO KEPT A COLLECTION OF KNIVES IN THE HOME WITH A YOUNG CHILD.

POINT III
THE TRIAL COURT IMPROPERLY ADMITTED DEFENDANT'S SUPPRESSED STATEMENT FOR IMPEACHMENT WITHOUT MAKING THE REQUISITE FINDINGS UNDER STATE V. BURRIS AND PERMITTED THE STATE TO EXCEED THE SCOPE OF DIRECT EXAMINATION IN ORDER TO INTRODUCE THE SUPPRESSED STATEMENT.

4

POINT IV
THE CUMULATIVE EFFECT OF THE AFOREMENTIONED ERRORS DENIED DEFENDANT A FAIR TRIAL.

POINT V
ESPECIALLY IN LIGHT OF THE STRONG MITIGATING FACTORS, THE TRIAL COURT ERRED BY DENYING DEFENDANT'S MOTION TO BE SENTENCED IN THE THIRD-DEGREE RANGE BASED ON AN ERRONEOUS FINDING OF AGGRAVATING FACTOR TWO.

    a.    The Sentencing Court Erroneously Found Aggravating Factor Two.

    b.    Defendant Should Have Been Sentenced In The Third-Degree Range.

We address only two contentions: that the court erred regarding the use of the suppressed statement for impeachment purposes, and that the court erred in precluding the use of the Old Bridge incident. We do not reach defendant's remaining issues as the matter will be retried.

I.

Defendant neither requested a voluntariness hearing, nor a limiting instruction, as to the use to which the jury could put his statement. Thus we review the trial court's failure to conduct such a hearing, and to charge the jury, under the plain error standard. See R. 2:10-2.

5

A-2430-16T4

Under the plain error standard, the trial court's decisions will not be disturbed unless defendant shows plain error that is "of such a nature as to have been clearly capable of producing an unjust result," or it is in the interest of justice to do so. R. 2:10-2.

A statement taken in violation of Miranda's strictures is nonetheless admissible for impeachment of a defendant's testimony. Burris, 145 N.J. at 529. Before admission for that purpose, the statement must be found to be trustworthy. Id. at 533-34. "Trustworthiness entails an examination of the voluntariness of the statement. Voluntariness, in turn, depends on whether the suspect's will was overborne and whether the confession was the product of a rational intellect and a free will." Id. at 534. "The State shoulders the burden of proving voluntariness beyond a reasonable doubt in light of all surrounding circumstances." Ibid.

Because the State conceded that the statement violated Miranda, the issue of voluntariness was not discussed. We note that defendant's statement was taken while he was in a neurological intensive care unit, having been arrested three days prior. Determining the legal question of voluntariness requires a fact-sensitive analysis. Burris, 145 N.J. at 534. In this case, the issue can be decided based on proofs establishing defendant's demeanor, physical condition,

appearance at the time the statement was taken, his medical status, and the conduct of the police. We do not have available either a transcript or audio recording of defendant's statements, although their existence is suggested by the record of the State's cross-examination of defendant during trial.

The State used significant portions of defendant's prior statement not only to impeach his credibility, but to present to the jury far more damning evidence than his trial testimony regarding his possession of the knife at the moment of the assault, his ownership of it, and similar details. Self-defense was defendant's only defense. He claimed from the moment police arrived at his door after he stabbed Quiroz to his trial testimony that he only acted in self-defense. Thus, in our view the trial court's failure to conduct a voluntariness hearing is reversible error.

Furthermore, reversal is appropriate in light of the court's failure to give a limiting instruction. Where a defendant fails to object to an instruction in the trial court, Rule 1:7-2 provides that a showing of plain error must be made. "[P]lain error requires demonstration of '[l]egal impropriety in the charge prejudicially affecting the substantial rights of the defendant sufficiently grievous to justify notice by the reviewing court and to convince the court that of itself the error possessed a clear capacity to bring about an unjust result.'"

State v. Burns, 192 N.J. 312, 341 (2007) (quoting State v. Jordan, 147 N.J. 409, 422 (1997)); see also State v. Chapland, 187 N.J. 275, 288-89 (2006).

It has been long-established, however, that a jury must be told that impeachment material is introduced solely to impact credibility. Burris, 145 N.J. at 535-36 (citing State v. Manley, 54 N.J. 259 (1969)). The jury must be told that it cannot be used as substantive evidence of defendant's guilt. Id. at 535.

"[T]he importance of the privilege [against self-incrimination] to our accusatory system of justice requires us to guard carefully against its infringement. . . . [T]he improper use of incriminating statements made by a criminal defendant has great potential for prejudice." State v. McCloskey, 90 N.J. 18, 31 (1982). Given the importance historically placed on the privilege against self-incrimination, and the great potential for the jury to have improperly used details they heard taken from the suppressed statement as substantive proof of guilt, the failure to give a limiting instruction was plain error. The potential for prejudice went right to the heart of defendant's only defense—that he acted in self-defense.

Furthermore, "[t]he jurors should be instructed that they may, although they need not, consider the previously suppressed statement as affecting []

defendant's credibility." Burns, 145 N.J. at 535 (emphasis added) (citing State v. Knight, 63 N.J. 187 (1973). Thus, the trial court erred by failing to give a limiting instruction. Failure to have done so may have led to an unjust result.

II.

The judge who decided the pretrial motions did not fully explain his reasons for denying defendant the ability to introduce evidence regarding the Old Bridge incident. Prior to ruling, the judge asked counsel to expound on the reason presenting the Old Bridge incident was not cumulative under N.J.R.E. 403, in light of his ruling that the 2008 incident was admissible. N.J.R.E. 403 excludes relevant evidence if its probative value is substantially outweighed by the risk of needlessly presenting cumulative evidence. Apparently dissatisfied with defense counsel's response, the judge said, "All right. I'm not going to let you do the Old Bridge [incident]."

Defendant asserts that the Old Bridge incident was relevant under N.J.R.E. 401, and admissible pursuant to N.J.R.E. 404(a) (character evidence generally) and 404(b) (other bad acts). A brief discussion pursuant to State v. Jenewicz, 193 N.J. 440 (2008), suffices. In that case, the court applied the two rules in determining whether testimony concerning a victim's violent behavior in a self-

9

defense case was admissible. The Court began with a discussion of the principle that in a self-defense case,

> evidence of the victim's violent character . . . demonstrates the victim's propensity for violence, which tends to support an inference that the victim was the initial aggressor[.] [W]here the accused has knowledge of the victim's prior violent acts, it tends to show the reasonableness of the accused's belief that the use of self-defense . . . was necessary.
>
> [Id. at 457.]

N.J.R.E. 405 prohibits specific instances of conduct from being presented "unless a trait of character is an essential element to a claim or defense." Id. at 459. Generally, however, a defendant asserting self-defense may adduce evidence of the victim's violent character, including specific instances of violent conduct in which the victim is the aggressor, because it is probative on the issue of the reasonableness of defendant's belief. Id. at 463-64. These type of events are admissible under N.J.R.E. 404(b). The Jenewicz Court said that specific prior bad acts "speak[] to the issue of the reasonableness of the defendant's belief that deadly force was necessary." Id. at 462. However, "[o]nly when the defendant has actual knowledge of the specific acts to which a witness testifies is specific-acts testimony probative of the defendant's reasonable belief." Id. at 463. Therefore, pursuant to N.J.R.E. 404(b), evidence about the Old Bridge

incident, with which defendant was familiar, should have been admitted. Defendant was entitled to proffer this second event in support of his self-defense claim.

We disagree that under N.J.R.E. 403 the evidence was cumulative. Two incidents, in light of the serious nature of these charges, are not excessive.

Our scope of review in addressing these issues is "relatively narrow." State v. Krivacska, 341 N.J. Super. 1, 40 (App. Div. 2001). A trial judge's discretion is broad in deciding whether to admit such evidence. Biunno, Weissbard & Zegas, Current N.J. Rules of Evidence, cmt. 2 on N.J.R.E. 403 (2018) (quoting State v. Sands, 76 N.J. 127, 144 (1978)). But on retrial, defendant should be allowed to move into evidence the first incident as well as the second.

### III.

We do not reach defendant's other arguments as they become moot in light of our decision that the conviction should be reversed.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION