THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. LOUIS SILVER AND IZZY PRESSER, PLAINTIFFS IN ERROR.

Submitted February term, 1924—Decided May term, 1924.

**Crimes—Conspiracy to Commit Crime—Unlawfully Manufacturing Burglars' Tools—Plea of Autrefois Acquit Interposed—Conviction Affirmed.**

On error to the Essex Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the state, *John O. Bigelow.*

For the plaintiffs in error, *John W. McGeehan, Jr.*

PER CURIAM.

The defendant were convicted on an indictment charging them with conspiracy to commit crime, with the view of carrying out that conspiracy, unlawfully manufacturing burglars' instruments, for the purpose of opening safes and stealing therefrom money and other property. They had

been tried and convicted on an earlier indictment charging them with conspiracy to manufacture burglars' tools, for the purpose of breaking and entering the safe of one Germanus. That conviction was set aside by this court and the record remitted to the Court of Quarter Sessions, "to be proceeded with in accordance with the practice of said court."

When the case at bar was moved, the defendants interposed a plea of *autrefois acquit,* and, after a hearing on that plea, the court directed a verdict upon it in favor of the state. The contention now is that this direction was error, in that by putting the defendants on trial on this second indictment, they were twice put in jeopardy. The same situation existed in the case of *Smith & Bennett* v. *State,* 41 *N. J. L.* 598, where it was held that the reversal of a conviction, and the sending back of the record for the purpose of a new trial, was not in contravention of any constitutional right of the defendants. It is also to be observed that the charge under the present indictment is fundamentally different from that contained in the first case, and the state had a right to delay the moving of a second trial on the first indictment, pending the final determination by this court of the issues presented on the second indictment.

It is also urged that the trial court erred in permitting the state's witness Brice to be interrogated with relation to testimony given by him on the trial of the earlier indictment, it appearing that on the present trial his memory was quite defective, his statement being as to many facts that he had no recollection, while on other occasions his utterances were contradictory of the testimony given on the previous trial. The situation thus produced is not within the doctrine of *State* v. *D'Adam,* 84 *N. J. L.* 386, since the procedure of the state was not the impeaching of the witness, but the reviving of his recollection as to matters to which he had previously testified, and concerning which his memory appeared to have lapsed. This situation brings the case within the rule laid down by the Court of Errors and Appeals in *State* v. *Kwiatkowski,* 83 *Id.* 650, where the procedure was upheld.

It is contended that the court erred in permitting the state to cross-examine the defendant Silver with relation to the number of times that he had been convicted of crime. Under the Evidence act the state may show a conviction either by cross-examining a witness or by producing the record, and if there are several convictions, the state is at liberty to produce records in each case. That being so, a witness may be cross-examined as to his record in each case.

It is next urged that the court erroneously permitted the state, in cross-examining the defendant Presser with relation to prior convictions, to ask him as to the duration of his sentence of conviction. If, instead of proving the convictions on cross-examination, the state had seen fit to produce the record of the conviction, that record would have shown the sentence as well as the conviction. It was not improper, therefore, for the state to prove by the cross-examination anything that would appear in the record.

We find nothing objectionable in the charge of the court, nor do we think that a direction of a verdict of acquittal would have been proper, while our examination of the testimony leads us to conclude that the verdict was not against the weight of the evidence.

The judgment of conviction will therefore be affirmed.