THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
CLARENCE VARICOLA, PLAINTIFF IN ERROR.

Submitted November 7, 1924—Decided January 19, 1925.

On error to the Supreme Court.

For the plaintiff in error, *Stokes & McDermott* and *William Hartshorne.*

For the defendant in error, *Charles F. Sexton.*

PER CURIAM.

The defendant, plaintiff in error, was indicted, tried and convicted in the Monmouth Quarter Sessions for unlawfully stealing an automobile and one tire tube, and for having received goods of like description, knowing them to be stolen, also for carrying concealed weapons. The conviction was carried to the Supreme Court on writ of error, and there affirmed. No deliverance of the Supreme Court is printed in the *state of the case,* so we are not informed of the reasons upon which that tribunal affirmed the judgment.

There is no assignment of error in this court that the Supreme Court erred in affirming the judgment. In *Burhans* v. *Paterson,* 99 *N. J. L.* 490, this court held that when the Supreme Court sits as a reviewing tribunal, the only proper ground of appeal here is 'that that court erred in the judgment it gave; and, on the argument, reliance may be had upon the assignment of errors and causes for reversal in criminal cases filed in the court below and brought up with the record.

Another thing: More and different reasons for reversal are assigned in this court than were before the Supreme Court. This is unallowable. In *State* v. *Snell,* 96 *N. J. L.* 299, this court said that a question not presented and argued in the court below will be held to be waived and abandoned, and will not be considered in an appellate tribunal, although it is otherwise if the question goes to jurisdiction or involves public policy; and a court of last resort, reviewing a court of intermediate appeal, will not reverse upon grounds which, while they could have been, were not raised *and argued* in the intermediate court of appeal, unless a question of jurisdiction or public policy is involved, and no question of jurisdiction or public policy is involved here.

For the reasons above stated there is nothing in the record for this court to pass upon, and the writ of error herein will be dismissed.