UNITED STATES of America, Appellee,

v.

Brian L. BOGERS, Appellant.

No. 80–1565.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 13, 1980.

Decided Dec. 31, 1980.

Daniel W. Ryberg, Omaha, Neb., for appellant.

Thomas D. Thalken, First Asst. U. S. Atty., Omaha, Neb., for appellee.

Before ROSS, Circuit Judge, GIBSON, Senior Circuit Judge, and SACHS,* District Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

This appeal is from the conviction of appellant Bogers on two counts of knowingly possessing and transferring an unregistered firearm in violation of 26 U.S.C. §§ 5861(c) and (d) and 5871. Bogers appeals on the grounds that (a) the trial court abused its

---

* The Honorable Howard F. Sachs, United States District Judge, Western District of Missouri, sitting by designation.

discretion in admitting testimony concerning a prior felony conviction of Bogers, (b) the Government failed to prove that the firearm at issue was proscribed by the applicable statute, and (c) the trial court's instructions on entrapment did not properly state the law. We affirm.

On April 13, 1979, a Special Agent with the Bureau of Alcohol, Tobacco and Firearms (ATF) in Omaha, Nebraska, received a call from one of his informants that someone had a sawed–off shotgun for sale. The Special Agent, accompanied by another Special Agent, ATF, and the informant went to Bogers's residence and bought the shotgun for $25. Bogers has maintained throughout the proceedings that the shotgun actually belonged to the Government's informant and that Bogers was entrapped.

On December 12, 1979, a grand jury returned an indictment charging Bogers in Count I with knowingly possessing an unregistered firearm in violation of 26 U.S.C. § 5861(d) and 26 U.S.C. § 5871; and, in Count II, with knowingly transferring the same firearm in violation of 26 U.S.C. § 5861(c) and 26 U.S.C. § 5871. Appellant's pretrial motion to dismiss on the basis of entrapment was denied.

## I.

Bogers testified on his own behalf at trial. During cross–examination, evidence of another felony committed by Bogers, for which he had been convicted in state court, was offered by the Government for the limited purpose of impeaching the credibility of the defendant as a witness. Counsel for the defendant objected on the ground that the evidence was unduly prejudicial. The objection was overruled. The state conviction that was introduced to impeach Bogers's testimony arose out of an incident which occurred about six months after the incident for which Bogers was being tried in federal district court.

■ Rule 609(a) [1] of the Federal Rules of Evidence gives the trial judge discretion in determining whether a prior conviction of a defendant who offers himself as a witness may be allowed into evidence for impeachment purposes. *United States v. Nelson*, 529 F.2d 40, 42 (8th Cir. 1976), *cert. denied*, 426 U.S. 922, 96 S.Ct. 2631, 49 L.Ed.2d 377 (1976). In determining admissibility, the prejudicial effect of the evidence must be weighed in each case against its probative value in ascertaining the veracity of the witness.

■ The trial judge [2] made a determination of the admissibility of Bogers's prior conviction at the time of the proffer of the evidence and subsequently filed a written memorandum opinion setting forth his rationale for the admission of the evidence. This court now has a record by which a determination can be made as to whether or not the court followed the strictures of Rule 609 in reaching its decision. We find that it did.

The district court commented:

> In view of the conflicting testimony offered by the defendant and the government witnesses, resolution of the question of the defendant's guilt or innocence would inevitably depend in significant measure upon the credibility of the various witnesses. Under the circumstances, the Court is persuaded that the jury was entitled to consider, as offered and admitted, the evidence of the defendant's other felonious conduct to resolve that conflict.

In view of the record, we cannot say that the trial judge failed to meaningfully exercise the discretion given him by Rule 609. *See also McConkey v. United States*, 444 F.2d 788 (8th Cir.), *cert. denied*, 404 U.S. 885, 92 S.Ct. 223, 30 L.Ed.2d 168 (1971).

---

**1.** Rule 609(a) of the Federal Rules of Evidence provides, in relevant part:

> For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him * * * during cross–examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant * * *.

**2.** The Honorable Albert G. Schatz, United States District Judge, District of Nebraska.

Appellant also contends that the cross-examination concerning the prior felony conviction exceeded the permissible scope of such examination by delving into specific facts about the underlying crime. The appellant argues that the Government "attempted to use the specific factual data of [appellant's state court conviction] to prove Bogers' 'predisposition' of the Federal crimes." However, nowhere in the record does it appear that the prior-crimes evidence was used to prove "predisposition." It was used for the limited purpose of impeaching the defendant-witness and the judge cautioned the jury accordingly.

Appellant next objects to the fact that the trial court permitted the prosecution to inquire as to the term of appellant's sentence under the state conviction, the fact that Bogers was currently in a penitentiary, the fact that a shotgun was involved in the assault for which he was previously convicted, and the effect a conviction in the federal case would have on his parole date. In *United States v. Carter*, 528 F.2d 844 (8th Cir. 1975), *cert. denied*, 425 U.S. 961, 96 S.Ct. 1745, 48 L.Ed.2d 206 (1976), we refused "to adopt a wooden rule which would preclude as a matter of law the trial judge from permitting evidence of specific prior felonies where it is felt the probative value outweighs the prejudicial impact in the jury's evaluation of the defendant's credibility as a witness." *Id*. at 847. (Footnote omitted.) The basic purpose of a trial is to search for the truth, and we find no abuse of discretion in the trial judge's decision to allow inquiry into the specific nature of the prior offense. *See United States v. Callison*, 577 F.2d 53, 55 (8th Cir. 1978), *cert. denied*, 439 U.S. 873, 99 S.Ct. 209, 58 L.Ed.2d 187 (1978).

We also find no abuse of discretion in the court's decision to allow inquiries concerning Bogers's prior sentence and parole dates. This, too, required a balancing by the court of probative value of the evidence against its prejudicial effect. Admission of evidence of the nature of a defendant's prior conviction is not prohibited when proof of the felony is otherwise admissible. *See United States v. Sims*, 529 F.2d 10, 12 (8th Cir. 1976).

## II.

■ Appellant has objected to the admission into evidence of the sawed-off shotgun, found to be possessed and transferred by him to the Special Agent. Appellant contends that the weapon admitted does not fit the definition of a shotgun found in 26 U.S.C. § 5845(d). However, appellant was charged with illegally possessing and transferring a *firearm*, the definition of which includes a "weapon made from a shotgun" of less than legal length. 26 U.S.C. § 5845(a). Foundation was laid to establish that the firearm was made from a shotgun. The firearm did meet the statutory requirements and was properly admitted.

## III.

■ The court's instruction on entrapment included the following:

> The defendant's predisposition or willingness to commit the crimes charged *may be shown by evidence of his prior conduct of a similar character* or by evidence, direct or circumstantial, that he was ready and willing to engage in the illegal conduct in question. [Emphasis added.]

Appellant contends that by referring to prior conduct of a similar character the court is referring to the testimony elicited about the use of a shotgun during the crime for which defendant was convicted in state court, a crime committed six months after the one involved here. Appellant argues that this constitutes an impermissible comment by the court on the evidence. However, there was other evidence of appellant's predisposition to commit the offense. The entrapment instruction was a proper statement of the law and one called for by the record in order to guide the jury in its consideration of this other evidence of predisposition. It bears repeating here that the prior-crimes evidence was admitted for the limited purpose of impeaching the defendant-witness, not to show predisposition.

■ Appellant also contends that inclusion of the words "harassment" and

"threats" in the court's entrapment instruction,[3] used as examples of permissible police inducements, constituted error. Since the agents in this case did not use threats or harass the appellant, any such error would be harmless to the rights of appellant.

Affirmed.

3. The court's Instruction No. 16 reads, in pertinent part: "Inducement by law enforcement officials may take many forms including persuasion, fraudulent representations, threats, co-ercive tactics, harassment, promises of reward, or pleas based on need, sympathy or friendship."