**UNITED STATES of America, Appellee,**

v.

**Richard Duane BROWN, Appellant.**

No. 85–2050.

United States Court of Appeals, Eighth Circuit.

Submitted April 16, 1986.

Decided June 26, 1986.

Richard D. Bender, Springfield, Mo., for appellant.

David C. Jones, Asst. U.S. Atty., Springfield, Mo., for appellee.

Before JOHN R. GIBSON, Circuit Judge, SWYGERT,* Senior Circuit Judge, and FAGG, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Richard Duane Brown appeals from his conviction after a jury trial on three counts of bank robbery and attempted bank robbery in violation of 18 U.S.C. §§ 2113(a), (b) (1982) and 18 U.S.C. § 2 (1982). The sole issue presented is whether the government's cross-examination of Brown regarding his previous bank robbery convictions was proper. We affirm.

Testimony regarding Brown's role in the bank robberies and attempted robberies

---

\* John K. Regan, Senior District Judge, Eastern District of Missouri, sitting by designation.

\* The HONORABLE LUTHER M. SWYGERT, Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation.

came principally from Lawrence Wray, a participant in the crimes. Wray testified that on three occasions in fall 1981, Brown stood lookout while Wray and Jim Hart broke into the night deposit boxes of three southwest Missouri banks, cast fishing lines down the depository chutes, and reeled in or attempted to reel in cash deposits. On cross-examination, Wray testified that he and Hart, without Brown, had committed numerous similar bank robberies before Brown became involved with the pair. Wray's testimony against Brown was corroborated by additional government witnesses and by telephone records demonstrating that the accomplices had been in close telephone contact around the time the crimes had been committed.

Brown testified in his own defense that he played no role in any of the crimes. He admitted, however, that he previously had been convicted of crimes involving burglary and forgery. On cross-examination, the prosecutor over objection was permitted to elicit from Brown details of the earlier crimes, including the fact that Brown had served time on the prior convictions until June 1981, and thus was in jail when Wray and Hart committed the previous crimes without him. The prosecutor also made numerous inquiries eliciting Brown's repeated assertion of his innocence regarding the prior convictions.

After a two-day trial, the jury returned a verdict of guilty. Brown was sentenced to ten years in prison. This appeal followed.

Brown argues on appeal that the district court erred in permitting the government to inquire into the details of his earlier convictions. Specifically, he contends that the court should have barred the government from cross-examining him as to the date of his release from prison because the questioning was not relevant for impeachment purposes. He also argues that the district court should have barred the inquiries which elicited his assertions of innocence of the previous convictions. The government responds that the cross-examination regarding Brown's prison release date was not principally for impeachment

purposes, but to remove the doubt raised by defense counsel in cross-examination of Wray as to why Brown participated in only a few of the thirteen bank burglaries committed by Wray and Hart. The government argues alternatively that the inquiry into Brown's prior convictions was permissible for impeachment purposes.

■ Under Fed.R.Evid. 609, once the defendant takes the stand, the government may attack his credibility by cross-examination regarding earlier convictions. *See United States v. Webb*, 533 F.2d 391, 396 (8th Cir. 1976). The district court in its discretion should give counsel wide latitude in cross-examination, and we reverse the ruling of the district court only for abuse of discretion. *United States v. Wallace*, 722 F.2d 415, 416 (8th Cir. 1983).

■ We believe it is a close question whether the government's probe into the details of Brown's prior felonies and its repeated solicitation of his assertions of innocence was proper impeachment examination under Fed.R.Evid. 609. We recognize that cases in this circuit posing unique circumstances have held the district courts not to have abused their discretion in allowing cross-examination for impeachment purposes into the details of a prior conviction. *See, e.g., United States v. Johnson*, 720 F.2d 519, 522–23 (8th Cir. 1983), *cert. denied*, 465 U.S. 1036, 104 S.Ct. 1310, 79 L.Ed.2d 707 (1984); *United States v. Bogers*, 635 F.2d 749, 751 (8th Cir. 1980). This discretion, however, must be exercised with caution. When the accused takes the stand, there is an obvious danger that the jury will view evidence of past conviction as evidence of present guilt, or as reason to convict with little concern for present guilt. *See* E. Cleary, *McCormick on Evidence*, § 43, at 49 (3d ed. 1984); Griswold, *The Long View*, 51 A.B.A.J. 1017, 1021 (1965). The defendant does not open the door to detailed scrutiny of past crimes merely by testifying.

■ Whether the district court abused its discretion in permitting the cross-examination, however, is a difficult question we

need not resolve. We have carefully reviewed the entire record, and believe that if error was committed in this case, the error was harmless. Fed.R.Crim.P. 52(a). It is clear beyond a reasonable doubt that even without the contested testimony the jury would have returned a verdict of guilty. *See Harrington v. California,* 395 U.S. 250, 254, 89 S.Ct. 1726, 1728–29, 23 L.Ed.2d 284 (1969). Further, the district court was careful to instruct the jury that "the fact that the defendant was found guilty of another crime does not mean he committed the crime charged here, and you must not use his guilt for the crime resulting in convictions as any proof of the crimes charged in this case." Instruction no. 25.

We affirm the judgment of conviction.