UNITED STATES of America, Appellee,

v.

Leon FINCH, Appellant.

No. 87–1600.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 12, 1988.

Decided March 15, 1988.

James Delworth, Asst. Federal Public Defender, St. Louis, Mo., for appellant.

Daniel Mueleman, Asst. U.S. Atty., for appellee.

Before JOHN R. GIBSON, Circuit Judge, BRIGHT, Senior Circuit Judge, and MAGILL, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Leon Finch appeals from his conviction and sentence of fifteen years without parole for possession of a firearm by a convicted felon. 18 U.S.C.App. § 1202(a) (1982 and Supp. III 1985) (repealed 1986). First, he argues that the district court[1] erred in sentencing him under the Armed Career Criminal Act of 1984[2] (ACCA) provision of section 1202(a), which requires a minimum sentence of fifteen years without parole for persons having three prior robbery or burglary convictions, because the prior convictions were not submitted for jury determination. Second, he argues that the prosecutor went beyond the scope of permissible cross-examination in inquiring about Finch's prior convictions. Third, he argues

the court improperly denied his "theory of defense" instruction. We affirm.

■ This court en banc, in the consolidated cases of *United States v. Rush,* and *United States v. Cloyd,* 840 F.2d 574 (8th Cir.1988) (en banc), has determined that the addition to 18 U.S.C.App. § 1202(a) of the ACCA is a sentence enhancement provision rather than a separate offense requiring that its elements be submitted to the jury. Accordingly, Finch's first argument fails.

■ Finch's second argument is that the district court erred in allowing the prosecutor to ask Finch on cross-examination whether his previous robbery and assault convictions involved the use of a handgun or shotgun. Finch admits that the prosecutor was permitted to ask him about the specific nature of his prior felonies under Fed.R.Evid. 609. *See United States v. Moore,* 735 F.2d 289, 293 (8th Cir.1984). However, he argues that the questioning about the use of guns in connection with the crimes is a forbidden inquiry into the details of the past crimes. *See, e.g., United States v. Roenigk,* 810 F.3d 809 (8th Cir.1987). At the outset we note that we review this issue only for abuse of the trial court's discretion. *See United States v. Bogers,* 635 F.2d 749, 751 (8th Cir.1980). In *Bogers* we held there was no abuse of discretion in allowing evidence that the defendant's prior crime was committed with a shotgun. Furthermore, even if permitting the questions was error, there was overwhelming eyewitness testimony against Finch and we conclude that any such error was harmless beyond a reasonable doubt. *United States v. Brown,* 794 F.2d 365, 367 (8th Cir.1986).

■ Finally, Finch argues that the district court erred in not submitting his theory of defense instruction. The substance of Finch's proposed instruction was well covered elsewhere in the instructions the court actually gave and therefore we see

---

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

2. Pub.L. No. 98–473, §§ 1801–03, 98 Stat. 2185 (1984).

no error in the court's refusal to give Finch's requested instruction. *See United States v. Lively*, 803 F.2d 1124, 1125 (11th Cir.1986).

The conviction and sentence are affirmed.

BRIGHT, Senior Circuit Judge, concurring.

I concur in the majority opinion only because the en banc court in a divided opinion in the consolidated cases, *United States v. Rush*, and *United States v. Cloyd*, 840 F.2d 574 (8th Cir.1988), determined that the amendment to 18 U.S.C. App. § 1202(a) of the Armed Career Criminal Act of 1984 constitutes a sentence enhancement provision, and does not create a separate offense of possession of a firearm by one who has three previous felony convictions. The dissent written by Circuit Judge John R. Gibson, and joined by Chief Judge Lay and Circuit Judges Heaney and Fagg, expressed the opinion that the language and structure of the ACCA creates a separate criminal offense. I would subscribe to the views of the dissenters. However, because I am bound by the determination of the en banc court, I must concur in this case, even though I believe the decision is incorrect.