631 A.2d 1285

STATE OF NEW JERSEY, PLAINTIFF, v. ROBERT
LEE WILLIAMS, DEFENDANT.

Superior Court of New Jersey
Law Division Union County

Decided June 23, 1993.

*Jon Deutsch,* Asst. Prosecutor, for the State (*Andrew K. Ruotolo,* Jr., Union County Prosecutor, attorney).

*Stuart Whitefield* for the defendant.

SACHAR, J.S.C.

Defendant is charged with a violation of *N.J.S.A.* 2C:39-7; Certain Persons Not to Have Weapons. The State alleged that he shot the victim with a .22 long-nose handgun. Defendant contends that he did not have a weapon, but that while he was in conversation with the victim, a carload of Haitians passed by firing weapons resulting in the wounding of the victim. A *Sands* hearing was held during which the State presented seven judgments of convictions. The last two convictions were for the same crime that defendant is presently charged with, namely Certain Persons Not to Have Weapons. The State chose not to exclude the two prior similar convictions from evidence.

Pursuant to *State v. Brunson,* 132 *N.J.* 377, 394, 625 *A.*2d 1085 (1993):

> To impeach the credibility of a testifying defendant, the State may introduce into evidence only the number, degree, and date of the defendant's prior similar convictions. When a defendant has multiple prior convictions, some of which are similar to the charged offense and some of which are dissimilar, the State may introduce evidence only of the date and degree of crime of all of the defendant's prior convictions, but cannot specify the nature of the offenses. Alternatively, the State may introduce without limitation evidence of only the dissimilar convictions.

*See also* companion case of *State v. Mann,* 132 *N.J.* 410, 425-26, 625 *A.*2d 1102 (1993).

Since the record in the case at bar must be sanitized with respect to defendant's prior convictions, both similar and dissimilar, the court must determine whether the sentences imposed upon the prior convictions can be used by the State to impeach the defendant's credibility. While the Court in *Brunson* does not specifically state that evidence of sentence may not be used to impeach a testifying defendant, in effect it does so by not including evidence of the sentence in the statement of inclusion.

The holding of the Supreme Court as quoted above is similar to the language proposed by the American Bar Association suggesting an amendment to *Fed.R.Evid.* 609 governing the use of prior convictions. Committee on Rules of Criminal Procedure and Evidence, A.B.A., *Federal Rules of Evidence: A Fresh Review and Evaluation,* 120 *F.R.D.* 299 (1988) (hereinafter *Federal Rules of Evidence: A Fresh Review and Evaluation* ). While the A.B.A. proposal is broader in scope than the holding in *Brunson* since it extends sanitization to all witnesses, it is similar when dealing with party defendant witnesses.

The A.B.A. committee recommended the addition of section (d), Details of Conviction, to *Fed.R.Evid.* 609, which section reads:

> Unless the right is waived by the party whose witness is being impeached, the only details of the crime which may be admitted for impeachment are the fact of the conviction, the name of the crime (but this may not be given if the witness is a defendant who is being tried for a similar offense), the time, place and number of times convicted, and whether the crime is a felony or misdemeanor. If any statement is made in mitigation, relevant rebutting details may be allowed to be inquired into.
>
> [*Federal Rules of Evidence: A Fresh Review and Evaluation, supra,* at 357.]

This rule makes it clear that the list of admissible data is all inclusive. Pursuant to the language found in the comment to the proposed rule, the committee contemplated the exclusion of evidence of the sentence imposed upon the conviction. The committee explained "[s]ince a few courts have allowed additional details, *e.g., United States v. Bogers,* 635 *F.*2d 749, 751 (8th Cir.1980), the type of details which are admissible have been included in the Rule for clarification." *Federal Rules of Evidence: A Fresh Review and Evaluation, supra,* at 364.

A reading of *Bogers* reveals that one such "additional detail" intentionally excluded in the proposed rule was the sentence imposed upon a defendant's prior conviction. In the *Bogers* case, the defendant argued that evidence of the sentence should have been excluded. The Court held, "we ... find no abuse of discretion in the Court's decision to allow inquiries concerning Bogers's prior sentence and parole dates." *Bogers, supra,* 635 *F.*2d at 751.

It is noteworthy that nowhere in the *Brunson, supra,* 132 *N.J.* at 377, 625 *A.*2d 1085, opinion is the issue of inclusion or exclusion of the sentence imposed upon prior convictions addressed. The sole concern discussed in the opinion is the prejudice that would result to a testifying defendant upon an attempt by the State to impeach the defendant's credibility by eliciting evidence of his prior convictions in general and similar prior convictions in particular.

The Court's lack of reference to the issue of sentence inclusion is also noteworthy in view of the long-standing history in New Jersey, and in a majority of other jurisdictions throughout the United States, upholding the inclusion of the sentence, as well as the crime, for purposes of impeachment. New Jersey has routinely admitted evidence of the sentence imposed upon prior convictions without questioning the soundness of that policy. *State v. Sinclair,* 57 *N.J.* 56, 269 *A.*2d 161 (1970); *State v. Garvin,* 44 *N.J.* 268, 208 *A.*2d 402 (1965); *State v. Merra,* 103 *N.J.L.* 361, 137 *A.* 575 (E. & A.1927); *State v. Nagy,* 27 *N.J.Super.* 1, 98 *A.*2d 613 (App.Div.1953); *State v. Silver,* 2 *N.J.Misc.* 479, 127 *A.* 545 (Sup.Ct.1924), *aff'd* 101 *N.J.L.* 232, 127 *A.* 545 (E. & A.1925).

The language of the relevant statute, *N.J.S.A.* 2A:81–12, clearly says "conviction of crime" may be proved to affect the witness's credibility. The statute does not require proof of the punishment or place or length of incarceration, for example. The Supreme Court in *Garvin, supra,* 44 *N.J.* at 281, 208 *A.*2d 402, although suggesting that the sentence does bear on credibility since it "is descriptive of the severity of the misdeed," mentioned the possibility that *N.J.S.A.* 2A:81–12 may not contemplate admission of evidence of the sentence imposed.[1] *N.J.S.A.* 2A:81–12 states:

> For the purpose of affecting the credibility of any witness, his interest in the result of the action, proceeding or matter or his conviction of any crime may be shown by examination or otherwise, and his answers may be contradicted by other evidence.

---

[1] Ultimately, however, the Court did not think that admission of the sentence would "bring about an unjust result as to warrant a claim of 'plain error.'" *Garvin, supra,* 44 *N.J.* at 281, 208 *A.*2d 402.

> Conviction of crime may be proved by the production of the record thereof, but no conviction of an offender shall be received in evidence against him in a civil action to prove the truth of the facts upon which the conviction was based.

Although conviction of a crime may be proven by production of the record of conviction, all of the additional items contained within that record are not automatically relevant and admissible. *See State v. Burgos*, 262 *N.J.Super.* 1, 5, 619 *A.*2d 1013 (App.Div. 1992).

It can be argued that when the Legislature has intended to make the record admissible for more than one purpose, it has done so explicitly. *See N.J.S.A.* 2A:83–4 and *N.J.S.A.* 2A:82–16. *N.J.S.A.* 2A:83–4 provides that "[a] written finding of presumed death, ... or a duly certified copy of such finding, shall be received in any court, ... as presumptive evidence of the *death of the person therein found to be dead, and the date, circumstances and place of his disappearance."* (Emphasis added). *N.J.S.A.* 2A:82–16 is an example of the Legislature's intention to have the record admitted for its entire content. "Any public record of any foreign State ... or any copy thereof, which is admissible in such State, ... to prove the facts therein contained ... shall be admitted in evidence in the courts of this State, and *shall be evidence of the facts therein contained...."* *N.J.S.A.* 2A:82–16 (emphasis added).

██ Based on statutory interpretation and *Brunson's* explicit inclusion of only three items from the record of conviction, the date, degree and number of convictions, it is this court's opinion that under the facts of *Brunson,* where there is a sanitized record of prior similar convictions or multiple convictions for both similar and dissimilar crimes, the State may not additionally show the sentence.

One may ask whether the Supreme Court's analysis of the prejudice caused by an unsanitized record is not equally applicable to the admission of the sentence imposed upon prior dissimilar convictions. The effect of showing the length of time defendant was removed from society and placed in a prison setting can only

reinforce the impression that defendant is a dangerous person and, being a dangerous person, is more likely to have committed the crime for which he is now on trial. This is particularly true in a case where the defendant has been convicted of multiple crimes. *See Shows v. M/V Red Eagle,* 695 *F.*2d 114 (5th Cir.1983); *United States v. Tumblin,* 551 *F.*2d 1001 (5th Cir.1977); *United States v. Dow,* 457 *F.*2d 246 (7th Cir.1972); *Goodman v. State,* 336 *So.*2d 1264 (Fla.Dist.Ct.App.1976). Notwithstanding the foregoing, until the Supreme Court extends the exclusion of sentence beyond the facts of *Brunson,* the sentence imposed on a dissimilar prior conviction remains a part of the record for purposes of cross-examination with respect to defendant's credibility, as heretofore.

In conclusion, the Supreme Court ruling requiring a sanitized record and the exclusion of sentences is limited to those cases where the State introduces evidence of prior similar convictions or multiple convictions for both similar and dissimilar crimes. The inclusion of the sentence would not be precluded in cases where the defendant waived the protection afforded by a sanitized record, where prior convictions were for dissimilar crimes, or where the State agrees not to use evidence of prior similar convictions where the defendant has been convicted for both similar and dissimilar crimes.

Based on the facts of the instant matter and the rules for sanitization as set forth in *Brunson,* the sentences for defendant Williams's prior convictions cannot be used by the State to impeach the defendant.