283 N.J. Super. 301 (1995)
661 A.2d 1300
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CHARLES E. HICKS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted June 6, 1995.
Decided July 17, 1995.
*303 Before Judges MICHELS, STERN and HUMPHREYS.
Susan L. Reisner, Public Defender, attorney for appellant (Edward P. Hannigan, Assistant Deputy Public Defender, of counsel and on the brief).
Deborah T. Poritz, Attorney General of New Jersey, attorney for respondent (Paul H. Heinzel, Deputy Attorney General, of counsel and on the letter brief.
The opinion of the court was delivered by MICHELS, P.J.A.D.
Tried to a jury, defendant Charles E. Hicks was found guilty of possession of heroin, a crime of the third degree, in violation of N.J.S.A. 2C:35-10a(1). The trial court committed defendant to the custody of the Commissioner of the Department of Corrections for five years, imposed a $1,000 Drug Enforcement Demand Reduction penalty, a $50 Forensic Laboratory fee and a $50 Violent Crimes Compensation Board penalty, and suspended defendant's *304 driving privileges in New Jersey for six months. Defendant appeals.
Defendant seeks a reversal of his conviction and a remand for a new trial, contending that the trial court erred when, contrary to State v. Brunson, 132 N.J. 377, 625 A.2d 1085 (1993), it permitted the State to elicit the length of sentences imposed on his five prior convictions, all of which the State had elected to sanitize.
At a hearing pursuant to State v. Sands, 76 N.J. 127, 386 A.2d 378 (1978), and Brunson, the State informed the trial court that if defendant elected to testify, it would attack his credibility by introducing his five prior convictions: (1) a January 1979 conviction for larceny from a person, for which he was sentenced to an indeterminate term; (2) a March 1979 conviction for theft by deception, for which he was sentenced to an indeterminate term; (3) an October 1982 conviction for second degree aggravated assault, for which he was sentenced to a ten-year term with a four-year period of parole ineligibility; (4) an October 1990 conviction for third degree possession of a controlled dangerous substance, for which he was sentenced to a five-year term; and (5) another October 1990 conviction (under separate indictment) for third degree distribution of a controlled dangerous substance within 1,000 feet of school property, for which he was sentenced to a five-year term with a two-year period of parole ineligibility. The State further notified the trial court that because the more recent convictions were "similar" to the charged offense, it would not refer to the nature of any of the convictions, and would instead limit that portion of its cross-examination to the dates and degrees of the convictions, and the sentences imposed.
Defendant objected, first contending that his prior convictions were inadmissible under Sands, since their probative value was substantially outweighed by their capacity for prejudice. Defendant, relying on Brunson and State v. Williams, 267 N.J. Super. 514, 631 A.2d 1285 (Law Div. 1993), contended further that if the convictions were admitted, the State should be precluded from *305 referring to the sentences imposed thereon, and should instead be limited to introducing only their number, degrees and dates.
The trial court found that all of defendant's convictions were admissible under Sands, and noting the State's voluntary proffer to sanitize them, rejected defendant's argument respecting the inadmissibility of sentencing information. The trial court observed that "the ultimate [legal] conclusion [regarding the use of sentencing information] reached was prior to Brunson" and that under the earlier cases, "the Court would have permitted reference to the sentence in order for a jury to understand the gravity of the offense." The trial court held, therefore, that Brunson did not prohibit the introduction of sentencing information and chose not to follow Williams:
By sanitizing [defendant's prior record] we now tell them we don't want you to know, and as in this case that the defendant may well have been involved with drugs before because it may, certainly, impact on them saying, well, if he [was] before he must be now, even though they were instructed not to do that. So, that we take that taint away from them and we tell them third degree offense, which means absolutely nothing to most jurors any more than a second degree offense means anything more than a fourth degree or a first degree [offense], because most jurors do not know the weight to be given. The only way they would know is by the severity of the sentence imposed. The anomaly is, if it's dissimilar you can reference it. If it's similar you can't. Yet the protection in Brunson was [designed] not to get the specific act named to the jury of similar offenses, for the reasons set forth in Brunson.

I, therefore, feel that State v. Williams is interesting, but not persuasive. I don't feel it's applicable. I will not follow it, and should the defendant choose to testify as to the five prior convictions ... I've already indicated the State will be permitted to elicit the sentence in addition to that which I've already indicated would be available to the State.
See also N.J.R.E. 609.
The admission of prior convictions to impeach credibility is governed by N.J.S.A. 2A:81-12, which provides:
For the purpose of affecting the credibility of any witness, his interest in the result of the action, proceeding or matter[,] or his conviction of any crime may be shown by examination or otherwise, and his answers may be contradicted by other evidence. Conviction of crime may be proved by the production of the record thereof, but no conviction of an offender shall be received in evidence against him in a civil action to prove the truth of the facts upon which the conviction was based.
*306 The decision to admit a prior conviction against a criminal defendant "rests within the sound discretion of the trial judge." Sands, supra, 76 N.J. at 144, 386 A.2d 378. See also State v. Whitehead, 104 N.J. 353, 358, 517 A.2d 373 (1986); State v. Hutson, 211 N.J. Super. 49, 53, 510 A.2d 706 (App.Div. 1986), aff'd, 107 N.J. 222, 526 A.2d 687 (1987). But see State v. Hawthorne, 49 N.J. 130, 134-35, 228 A.2d 682 (1967). The trial judge has wide latitude in this area. Sands, supra, 76 N.J. at 144, 386 A.2d 378. "Ordinarily evidence of prior convictions should be admitted and the burden of proof to justify exclusion rests on the defendant." Ibid. See also State v. Morris, 242 N.J. Super. 532, 543-44, 577 A.2d 852 (App.Div.), certif. denied, 127 N.J. 321, 604 A.2d 597 (1990).
The following principle should guide trial judges when they exercise their broad discretion:
The key to exclusion is remoteness. Remoteness cannot ordinarily be determined by the passage of time alone. The nature of the convictions will probably be a significant factor. Serious crimes, including those involving lack of veracity, dishonesty or fraud, should be considered as having a weightier effect than, for example, a conviction of death by reckless driving. In other words, a lapse of the same time period might justify exclusion of evidence of one conviction, and not another. The trial court must balance the lapse of time and the nature of the crime to determine whether the relevance with respect to credibility outweighs the prejudicial effect to the defendant. Moreover, it is appropriate for the trial court in exercising its discretion to consider intervening convictions between the past conviction and the crime for which the defendant is being tried. When a defendant has an extensive prior criminal record, indicating that he has contempt for the bounds of behavior placed on all citizens, his burden should be a heavy one in attempting to exclude all such evidence. A jury has the right to weigh whether one who repeatedly refuses to comply with society's rules is more likely to ignore the oath requiring veracity on the witness stand than a law abiding citizen. If a person has been convicted of a series of crimes through the years, then conviction of the earliest crime, although committed many years before, as well as intervening convictions, should be admissible.
[Sands, supra, 76 N.J. at 144-45, 386 A.2d 378.]
In the final analysis, the trial judge should admit a prior conviction "unless in his [or her] discretion he [or she] finds that its probative force because of its remoteness, giving due consideration to relevant circumstances such as the nature of the crime, and intervening incarcerations and convictions, is substantially *307 outweighed so that its admissions will create undue prejudice." Id. at 147, 386 A.2d 378.
N.J.R.E. 609 addresses prior convictions for impeachment purposes and follows the relevant portions of N.J.S.A. 2A:81-12 as interpreted by Sands. Biunno, Current N.J. Rules of Evidence, comment 1 on N.J.R.E. 609. This rule provides:
For the purpose of affecting the credibility of any witness, the witness' conviction of a crime shall be admitted unless excluded by the judge as remote or for other causes. Such conviction may be proved by examination, production of the record thereof, or by other competent evidence.
The ruling in Sands was subsequently modified in Brunson:
[I]n those cases in which a testifying defendant previously has been convicted of a crime that is the same or similar to the offense charged, the State may introduce evidence of the defendant's prior conviction limited to the degree of the crime and the date of the offense but excluding any evidence of the specific crime of which defendant was convicted. That method of impeachment will insure that a prior offender does not appear to the jury as a citizen of unassailable veracity and simultaneously will protect a defendant against the risk of impermissible use by the jury of prior-conviction evidence. The balance struck adequately vindicates the State's interest in using the prior conviction to cast doubt on the defendant's credibility without subjecting defendant "to the extraordinary prejudice that follows if the prior crime was specifically named or described." (citation omitted).
* * * * * * * *
To impeach the credibility of a testifying defendant, the State may introduce into evidence only the number, degree, and date of the defendant's prior similar convictions. When a defendant has multiple prior convictions, some of which are similar to the charged offense and some of which are dissimilar, the State may introduce evidence only of the date and degree of crime of all of the defendant's prior convictions, but cannot specify the nature of the offenses. Alternatively, the State may introduce without limitation evidence of only the dissimilar convictions.
[132 N.J. at 391-92, 394, 625 A.2d 1085 (emphasis added).]
In our view, Brunson does not prohibit the use of sentencing information for the limited purpose of impeaching credibility. The question presented in this case was not at issue in Brunson; moreover, the Brunson holding does not even hint at a repudiation of the established precedent that permits questions concerning a defendant's prior sentences. Brunson only prohibited specifying the nature of the offense. Historically, our courts have permitted a defendant to be cross-examined regarding sentencing information for prior convictions to impeach credibility. State v. Sinclair, *308 57 N.J. 56, 63, 269 A.2d 161 (1970); State v. Garvin, 44 N.J. 268, 280-81, 208 A.2d 402 (1965); State v. Merra, 103 N.J.L. 361, 365, 137 A. 575 (1927); State v. Silver, 2 N.J. Misc. 479, 481, 127 A. 545 (1924), aff'd, 101 N.J.L. 232, 127 A. 164 (1924); State v. Nagy, 27 N.J. Super. 1, 8, 98 A.2d 613 (App.Div. 1953).
Furthermore, it is well-settled that a court will not infer a radical departure from controlling precedent by the Supreme Court unless an unmistakable intention to do so has been articulated. See Goddard v. Orthopedic Consultant Assocs., 177 N.J. Super. 319, 325, 426 A.2d 542 (App.Div. 1981), aff'd, 90 N.J. 437, 448 A.2d 470 (1982); Perry v. Swedesboro, 204 N.J. Super. 103, 114, 497 A.2d 922 (Law Div. 1985), aff'd, 214 N.J. Super. 488, 520 A.2d 410 (App.Div. 1986), certif. denied, 107 N.J. 153, 526 A.2d 212 (1987). Particularly noteworthy in this regard is that the Court in Brunson adhered to this principle by expressly overruling State v. Pennington, 119 N.J. 547, 575 A.2d 816 (1990), insofar as Pennington had rejected the concept of sanitization: "We no longer adhere to our holding in Pennington to the extent that it is inconsistent with the foregoing conclusion." Brunson, supra, 132 N.J. at 392, 625 A.2d 1085. The Court did not mention Sinclair, Garvin or any other case explicitly permitting the use of sentencing information for impeachment. Indeed, given that the propriety of using sentencing information was not an issue before it, the Court's failure in Brunson to review these controlling cases was not an oversight. Rather, the Court did not gratuitously alter an area of law not before it and not mentioned in its opinion. Thus, the rule and principles articulated in Sinclair, Garvin and the earlier cases remain viable and permit the introduction of sentencing information during a defendant's cross-examination.
The underlying considerations that appear to have motivated the Court's creation of the sanitization policy in Brunson were the results in several case studies demonstrating that the risk that juries will be prejudiced by the use of prior convictions is particularly high if the prior convictions are for similar crimes. 132 N.J. at 386, 625 A.2d 1085 (citing, inter alia, James E. Beaver and *309 Steven L. Marques, A Proposal to Modify the Rule on Criminal Conviction Impeachment, 58 Temp.L.Q. 585 (1985); James H. Gold, Sanitizing Prior Conviction Impeachment Evidence to Reduce Its Prejudicial Effects, 27 Ariz.L.Rev. 691 (1985); H. Richard Uviller, Evidence of Character to Prove Conduct: Illusion, Illogic, and Injustice in the Courtroom, 130 U.Pa.L.Rev. 845 (1982)). The Court also reiterated its own concerns regarding the potential for prejudice inherent in prior-crime evidence. Brunson, supra, 132 N.J. at 384, 625 A.2d 1085 (citing State v. Cofield, 127 N.J. 328, 336, 605 A.2d 230 (1992); State v. Stevens, 115 N.J. 289, 300, 558 A.2d 833 (1989)). Significantly, the Court did not mention any studies that addressed possible prejudicial effects of sentencing information. The admission of sentencing information is not the issue that Brunson addressed.
Instead, Brunson reaffirms the underlying rationale for permitting prior sentences  the more serious the prior conviction, the more probative it is toward assessing a defendant's credibility, since one who seriously transgresses the rules of society is more likely to ignore the oath while on the witness stand. Indeed, where a defendant's record has been sanitized pursuant to Brunson, sentencing information becomes more critical as it represents the most accessible means by which the lay jury can measure the severity of a prior conviction.
The need to admit sentencing information is essential with the advent of sanitization. Without knowing the nature of a defendant's prior conviction, a jury would be unable to assign it appropriate weight in terms of severity unless it also was informed of the degree of the offense and the sentence imposed. Thus, the choice of whether or not sentences should be imparted to the jury is a matter best left to the trial court under N.J.R.E. 403 (formerly Evid.R. 4), a decision only reviewable for abuse of discretion, which we do not find to exist in this case.
In allowing sentencing information to be used to impeach a defendant's credibility, New Jersey stands with other jurisdictions that have addressed the issue. Many federal courts permit questioning *310 regarding length of sentences for prior convictions admitted to impeach a testifying defendant. See, e.g., Cummings v. Malone, 995 F.2d 817, 826 (8th Cir.1993); Gora v. Costa, 971 F.2d 1325, 1330 (7th Cir.1992); Campbell v. Greer, 831 F.2d 700, 707 (7th Cir.1987); United States v. Bogers, 635 F.2d 749, 751 (8th Cir.1980); United States v. Barnes, 622 F.2d 107, 109 (5th Cir.1980); United States v. Wolf, 561 F.2d 1376, 1381 (10th Cir.1977); United States v. Miller, 478 F.2d 768, 770 (4th Cir.1973); United States v. Mitchell, 427 F.2d 644, 647 (3d Cir.1970). But cf. United States v. Robinson, 8 F.3d 398, 409 (7th Cir.1993).
Many other states, too, follow this rule as well. See, e.g., Gafford v. State, 440 P.2d 405, 413 (Alaska 1968), cert. denied, 393 U.S. 1120, 89 S.Ct. 996, 22 L.Ed.2d 125 (1969); State v. Arney, 731 S.W.2d 36, 38 (Mo. Ct. App. 1987); State v. Finch, 293 N.C. 132, 235 S.E.2d 819, 825 (1977); State v. Johnson, 231 N.W.2d 180, 184-85 (N.D. 1975); Lee v. State, 560 P.2d 226, 232 (Okla. Crim. App. 1977); State v. Sayward, 66 Wash.2d 698, 404 P.2d 783, 784 (Wash. 1965).
We hold, therefore, that sentencing information may be presented to a jury at the discretion of the trial court when a defendant's convictions are sanitized pursuant to Brunson, and reject Williams, a case which reached a contrary conclusion.
Accordingly, the judgment of conviction and order for commitment under review are affirmed.